Hawley
v.
Foote.

HAWLEY *vs.* FOOTE.

A plea that the plaintiff accepted an order of the defendant on a third person for a given sum in satisfaction of the promises, is no bar to an action for the original cause of indebtedness; nor is a plea good as an accord and satisfaction that the plaintiff agreed to accept the note of a third person, which on being tendered to him he refused to accept.

DEMURRER to pleas. The plaintiff declared in assumpsit. In his first count he stated that the defendant being indebted to him in the sum of $1000, gave him an order upon one Orris Hall, requesting Hall to let him (the plaintiff) have his note for $531,92; that he presented the order to Hall and demanded the note, which Hall *refused to give,* of which the defendant had notice. The other counts were for goods sold, money lent, &c. The defendant pleaded, 1. *Non-as-sumpsit;* 2. To *the whole declaration* that the parties accounted together and a balance of $531,92 was found due to the plaintiff; that it was agreed between them that the defendant should make a draft or order on Orris Hall for the note of Hall to the above amount, and in consideration that Hall would and did agree to accept the order and give his note, the plaintiff agreed to receive the order in full satisfaction. and discharge of the promises, &c.; that in pursuance of such agreement the defendant made the *order* which the *plaintiff accepted in satisfaction,* and three days thereafter presented it to Hall, who made his note for the required sum payable in six months, and *tendered* the same to the plaintiff; and that Hall has ever since been ready to deliver the note to the plaintiff, whenever he will accept the same in satisfaction. The defendant also put in a *third* plea, which is like the *second,* except that it alleges that the plaintiff agreed to accept the *note* of Hall, instead of the *order* of the defendant on Hall for the note, *in satisfaction of the promise,* &c.; that Hall made and tendered the note to the plaintiff, and has always been ready to deliver the same, but that the plaintiff still holds the order and *refuses to receive the note.* To the two special pleas the plaintiff *demurred*

and assigned as cause of demurrer that they respectively amount to the *general issue.*

*A. Taber,* for the plaintiff.

*M. T. Reynolds,* for the defendant.

*By the Court,* BRONSON, J. The second and third pleas, so far as they relate to the first count, amount only to the general issue. But they are pleaded to the *whole declaration,* and that may obviate the objection.

The pleas are bad in substance. The *second* plea amounts to this: the parties accounted, and the defendant was found indebted in the sum of $531,92. To pay this sum, he gave the plaintiff an order or request on Hall to give his note to the plaintiff for that amount, which Hall agreed to accept; and that the plaintiff then and there accepted the order in full satisfaction and discharge of the several promises mentioned in the declaration. What is added in the plea about presenting the order, and a tender of the note by Hall, is of no importance. The plea is that the plaintiff accepted the *order* in satisfaction. It clearly was no satisfaction. Com. Dig. Accord, B. 1, 2 If the defendant had given his negotiable note for the amount, it would not have extinguished the original cause of action. *Burdick* v. *Green,* 15 Johns. R. 247. *Hughes* v. *Wheeler,* 8 Cowen, 77. But if the defendant had delivered, and the plaintiff had *accepted* the note of a *third person* in satisfaction, although for a less amount than the debt, it would have been a bar. *Booth* v. *Smith,* 3 Wendell, 66.

The *third* plea amounts, in substance, to this; the plaintiff agreed to accept the note of Hall in satisfaction of the promises; Hall tendered the note, and the plaintiff *refused* to receive it. There has been no *satisfaction;* the accord has not been *executed,* and the action is not barred. *Russell* v. *Lytle,* 6 Wendell, 390. Com. Dig. B. 4. It has been said that a different rule was laid down in *Coit* v. *Houston,* 3 Johns. Cas. 243; but the remark is not well founded. The question there was one of evidence—not of pleading. Thompson, J. said, there were "circumstances from which

the jury might infer an *actual acceptance* at the place where the coal lay, and that they were there at the risk of the plaintiffs." And Kent J. said, there were facts from which the jury might infer *an acceptance* on the part of the plaintiffs, and that they were concluded by their declarations from denying an acceptance. *Anderson* v. *The Highland Turnpike*, 16 Johns. R. 86, was also on a question of evidence. The court held that the accord was *executed*—that the acceptance of the stock by the plaintiff's agent was equivalent to an acceptance by the party himself. In the case at bar, the defendant's plea, if true, proves that the plaintiff made an agreement and broke it—he agreed to receive the note, but afterwards refused. That is no satisfaction of the defendant's debt.

Judgment for the plaintiff.