Mr. Justice Thacher
delivered the opinion of the court.
In an action of trespass quare clausum fregit, the defendant in the circuit court, pleaded puis darrein continuance, a plea of accord and satisfaction. A special demurrer was sustained to this plea.
Several of the specified causes of demurrer to the plea are not well taken, because the plea is not filed under the statute, H. & H. 572, sec. 105, whereby a defendant may disclaim to make claim or title to the land the subject pf the trespass, and tender amends for the trespass before action instituted.
It is a plea of accord, and a tender of the amount of the accord, together with costs accrued up to the period at which the accord should take effect. This is tantamount to a plea of accord and satisfaction, because an accord, with tender of *366 satisfaction, and refusal, is equivalent to satisfaction. Coit v. Houston, 3 Johns. Cases, 243; 2 Ld. Raym. 122; 2 H. Black. 317; Peytoe's case, 9 Co. 80, 86. There are some cases which hold differently. 5 N. Hamp. 136; 6 Wend. 390. But we are inclined to the first mode of ruling, since acceptance in satisfaction is the essence and gist of the plea, and the refusal or evasion of the tender, in legal intendment, constitutes performance. 1 Pet. 465; 17 Mass. 392; 4 Pick. 255.
A plea of accord and satisfaction may be filed in an action of trespass, (2 Ham. 89; 2 H. & M. 38,) and the accord in this case was good, being such an agreement as would support an action for the non-performance. It could also be pleaded puis darrein continuance. The rule is, that if new matter happens after the last continuance, which would have been a good de-fence before the plea, it may pleaded after the last continuance. Watkinson v. Inglesby et al., 5 Johns. 386; 3 Johns. Cas. 246. The demurrer should have been overruled.
The judgment reversed, demurrer overruled in this c.ourt, and cause remanded.