## SUPREME COURT.

HENRY W. DOLSEN and another agt. ALPHONSO F. ARNOLD.

An allegation, by a defendant, that he agreed to give the plaintiffs his own notes, endorsed by third parties, for fifty per cent of the amount of the debt he owed the plaintiffs, in full discharge of the whole, if true, is a good *accord and satisfaction*.

But the defendant, on the trial, must not only *prove the accord*, but must follow it up by *proof of performance* also : that is, In order to bar the debt, there must be *satisfaction* as well as accord, and the burden of proof to show it, is with the defendant; for, when a party seeks to avoid the payment of the debt he contracts, either in whole or in part, it rests with him to make out the case.

Where it appeared that the actual agreement was, that the defendant should deliver the endorsed notes to the plaintiffs, which, *if paid at maturity*, were to be in full discharge of the debt, and the defendant, although he set up, in his answer, a state of facts which he claimed excused him from the non-payment of the notes, but on the trial proved merely that he had *delivered* the notes,

*Held*, that the defence failed, and the plaintiffs were entitled to a verdict for their whole claim.

If an accord and satisfaction is procured by wilful misrepresentations, or by suppression of any material facts in the statement of his affairs, by the debtor, it is *void ;* for *fraud* avoids all contracts, executory or executed.

Where a question of fact—fraudulent misrepresentations—is clearly proved by a single witness, and his testimony stands fair and uncontradicted—no reason appearing for discrediting the testimony—a jury have no right, arbitrarily, to disregard such testimony; and where it is done, the verdict will be set aside as *against evidence.*

*New-York Special Term, April,* 1855.

THIS action was brought to recover $346.84, the balance of an amount of a bill of dry goods, sold by plaintiffs to defendant in July or August, 1848.   The defendant admitted the bill, (except a small deduction, which was conceded by the plaintiffs on the trial,) but set up, as a defence, that the plaintiffs had agreed to accept the four notes of the defendant, endorsed by third persons, for fifty per cent. of the demand in full satisfaction; that the notes were to be dated June 12th, 1852, and were to be payable in three, six, nine, and twelve months;

that in September, 1852, after the time fixed for payment of the first and second notes, the defendant paid the plaintiffs $125, being the amount of the first two notes contemplated by the agreement; that no notes were delivered to plaintiffs until shortly after this time, when the defendant delivered the two remaining notes to the plaintiffs, who then returned them to the defendant, and agreed that he might pay the amount of them (about $100) at such time as was convenient, with the same effect as if the plaintiffs retained them, and as if they were paid at maturity; and that subsequently the sum of $25 had been paid on account to the plaintiffs; that the amount thus actually due was only about $100, which he was willing to pay.

The cause was tried at the circuit, before Judge CLERKE and a jury, December 20th, 1854, who found a verdict for the plaintiffs for $105.27.

Motion was made by plaintiffs, upon a case and exceptions, to set aside the verdict, and for a new trial, upon the two-fold ground that the judge, before whom the trial was had, erred in his ruling, and that the verdict is against the evidence.

ALBERT MATHEWS, *for plaintiffs.*

BENJ. G. HITCHINGS, *for defendant.*

COWLES, Justice. That the defendant contracted the debt, which plaintiffs seek to recover, is not denied; and they are therefore entitled to recover, unless the defendant has set up, and proved, a defence which bars the claim. Has he done it?

In his answer, the defendant says, that being insolvent, and unable to pay all of his debts to plaintiffs and his other creditors, it was agreed between him and certain of his creditors, including the plaintiffs, that defendant should give them his own notes, endorsed by several third parties, for fifty per cent. of such debts, in full discharge of the whole. This, if true, was a good accord and satisfaction. (*Boyd* agt. *Hitchcock,* 20 *John.* 76; *Le Page* agt. *M'Rea,* 1 *Wend.* 164; *Kellogg* agt. *Richards,* 14 *Wend.* 116.)

VOL. X.        34

But the proof varies. from the plea; for while the answer alleges that such notes were to be *received.* by the plaintiffs in full discharge of the debts, the proof is, that such notes should be in full discharge *if paid without defalcation;* or, in other words, *if paid at maturity.* Such was, beyond question, the. terms of the contract, viz., that these notes, to operate as a discharge of the whole debt, must not only be delivered, but also paid as they matured. The two papers signed by the plaintiffs and others must be read together, and together make up what the agreement really was; and the expression in the last one, that they must be paid *without defalcation,* means the same as *at maturity.* I shall disregard all variance between the pleadings and proof, for that question has not been raised; but both parties have both tried and argued the cause on the merits.

The question, then, is, has the defendant, after having proved the accord, followed it up by proof of performance also: for, to bar the debt, there must have been *satisfaction* as well as *accord.* (*Russell* agt. *Lytle,* 6 *Wend.* 590; *Hamley* agt. *Foote,* 19 *Wend.* 516; *Brooklyn Bank* agt. *De Graw,* 23 *Wend.* 342.)

The burden of proof, to show that the accord had been followed by a performance of all the acts necessary to consummate it, was with the defendant; for when a party seeks to avoid the payment of the debt he contracted, either in whole or in part, it rests with him to make out the case. How, then, does the case stand? The agreement was, that defendant should deliver the endorsed notes, which, if paid at maturity, were to be in full discharge of the debt. This he has failed to prove. That is, he has gone no further than to prove the delivery of the notes; payment of them he does not pretend to have made. The defendant seemed to think that all he was bound to do, was to deliver the notes; but the accord, as I have already shown, was, that they should be paid also. The defendant has not only not averred any such payment in his answer, but has set up a state of facts which entirely negatives any idea of payment; and these facts, he claims, excuse his non-payment of the notes.

Dolsen and another agt. Arnold.

Now, without inquiring here whether such facts, if proved, would operate in law to excuse non-payment, and yet operate equally with payment to discharge the original debt, the reply is, that defendant has not proved those facts—his whole proof stopped with proof of the delivery of the notes, and on that he rested. The facts, to justify such non-payment, even if they were a justification, are not proved; and the whole defence set up by the answer therefore failed. This alone entitled plaintiffs to a verdict for their whole claim less the small amount proved to have been paid.

But again, the judge charged the jury that if they believed the testimony of the witness, *Delano*, " that some of the notes were delivered pursuant to agreement, and that the others were sent back," they must conclude that the agreement was executed. To this the plaintiffs' counsel excepted.

The case shows that the witness, *Delano*, did not testify to such facts, as were thus stated by the judge, viz., *that a portion of the notes were sent back by the plaintiffs*, &c. On that point there was no proof given by any one; and the learned judge was evidently drawn into this error by failing, through some misapprehension, to distinguish between the averments in the answer and the testimony of the witness. The mistake was calculated, however, to mislead the jury, and can only be corrected by holding the exception well taken.

But further, an accord and satisfaction, if procured by wilful misrepresentation, or by suppression of any material facts in the statement of his affairs by the debtor, is void. (*Stafford* agt. *Bacon*, 1 *Hill*, 532.)

The principle is familiar, and applies in all cases. Fraud avoids all contracts, executory or executed. The testimony of the witness, *Smith*, appears to have been neither impeached upon his *cross-examination* or otherwise. Nothing is alleged against his entire credibility, and there is no intrinsic improbability in the truth of his story. I see no reason why he should not be credited. If his testimony is to be believed, and I can see no reason why it can be arbitrarily disregarded, then this

compromise was obtained by fraud, and gross misrepresenta
tions, on defendant's part, respecting his affairs.

This branch of the case turns entirely upon the credibility
of the witness, *Smith*. I am not able to see any grounds on
which the jury were justified in discrediting his testimony; he
stands alone, but he stands likewise fair, and contradicted by
no one; (*Newton* agt. *Pope*, 1 *Cow.* 109;) and if his evidence
was true, the compromise was void. (*Stafford* agt. *Bacon*, 1 *Hill*,
532.) The verdict, therefore, was also, in this view of the
case, against evidence.

For the foregoing reasons there must be a new trial—costs
to abide the event of the suit; and an order will be made to
that effect.