CHARLES YOUNG *vs.* JOHN W. JONES.

*Accord and satisfaction. Agreement—effect of. Payment.*

An agreement on the part of the plaintiff under his hand and seal to accept a certain per centage, less than the amount of a draft, on payment thereof, and to transfer the same on such payment within a certain time to a third person, and a seasonable tender and refusal of the stipulated per centage, will not constitute a payment of the draft, nor a defence to the same.

The contract relied upon negatives the idea of payment.

A debt which has been paid ceases to be a debt and is not transferable.

A plea of accord and satisfaction must allege not only a clear agreement and accord, but that it was executed by the acceptance of the consideration agreed upon.

ON EXCEPTIONS.

ASSUMPSIT on an accepted draft. After the plaintiff had made out a case, the defendant offered to prove an agreement made under the hand and seal of the plaintiff with the defendant, after maturity of the draft, to accept a certain percentage less than the whole amount of the draft in payment thereof; and to transfer to some third party his debt on receipt of the percentage within a certain space of time; and that the said percentage was tendered him within the prescribed space of time, but he refused to accept it and subsequently brought this action. This evidence the court ruled to be inadmissible. To which ruling the defendant excepted.

*Mattocks & Fox* for the defendant.

I. An agreement to accept a portion of an accrued indebtedness in payment for the whole is, we admit, not binding without some consideration to support it. R. S., c. 82, § 38, applies only to the case of a demand settled by some payment, and is not applicable here.

The only consideration upon which we rely is that imported by the seal.

A seal in this state is a consideration; that is to say, it imports that a consideration has passed, and the presumption is one "*juris et de jure.*"

Our courts have never adopted the loose doctrine alluded to in 1 Parsons on Contracts, (5th ed.) 428, note c, "that want or failure of consideration may be a good defence against an action on a sealed contract."

That the seal imports a sufficient consideration for the contract is shown by the very nature of a release. The only thing that imparts validity to a technical release is the seal. Yet it has never been permitted to prove want of consideration. Not a single case can be found among the very large number of authorities, upon which plaintiff will perhaps rely, in which it has been even intimated that if the receipt acknowledging the partial payment to be in full had been under seal, the defence would have been bad. On the contrary, *vide* expressions "simple contract." *Bailey* v. *Day,*

26 Maine, 88. "On an instrument not under seal." *Drinkwater* v. *Jordan*, 46 Maine, 432.

"This writing is not technically a release not being under seal." *Lunt* v. *Stevens*, 24 Maine, 536, and the concise statement "this rule does not apply, where the acknowledgment of satisfaction is by deed." *Lee* v. *Oppenheimer*, 32 Maine, 254; *Bemis* v. *Hoseley*, 16 Gray, 63; *Ellsworth* v. *Fogg*, 35 Vt., 355; *Draper* v. *Hilt*, 43 Vt., 439.

II. The alleged agreement between plaintiff and defendant being a valid and binding agreement, and a tender of the amount due under that agreement having been made plaintiff within the time appointed, the question still remains whether or not the agreement and evidence of the tender were admissible to reduce the amount recoverable by the plaintiff on the draft, or whether the defendant to obtain his legal rights under the specialty in question is obliged to have recourse to a separate action for breach of covenant.

The tendency of modern decisions is certainly to avoid circuity of action because a contrary course tends both to encourage litigation, and oftentimes to deny the litigants at the end of a long, protracted law suit, that satisfaction in fact which they may have at length obtained in law.

That general principle will doubtless prevail in this case, unless some technical rule can be invoked to defeat it. And the aid which plaintiff will probably seek is that of the so-called doctrine of accord without satisfaction. An accord without satisfaction is void, and cannot be pleaded in defence. This we admit, but we doubt in the first place whether the doctrine of accord and satisfaction applies. See remarks of Justice Thompson in *Coit* v. *Houston*, 3 Johns. Cas., 243.

And we claim in the second place that, when a tender is made, and the debtor has done all in his power to carry out his part of the agreement, there is a virtual and legal satisfaction. A tender so far as the debtor's rights are concerned really pays the debt. If it were otherwise the creditor would be allowed to take advantage

of his own wrong. "It is true," the plaintiff says, "that I made a binding contract with defendant to accept 20 per cent of his indebtedness to me in full settlement, but when the time came I broke my agreement. By breaking it I have enabled myself to recover the whole debt, whereas if I had kept it, as an honest man should, I should have been 80 per cent out of pocket." This is not common sense. We think it is not sound law.

A very old case, *Case* v. *Barber*, Sir Thos. Raymond's Reps., 450, seems to make the true distinction: "formerly it hath been held that an accord cannot be pleaded unless it appears to be executed, yet of late it hath been held that upon mutual promises an action lies, and consequently, there being equal remedy on both sides, an accord may be pleaded without execution, as well as an arbitrament, and by the same reason that an arbitrament is a good plea without performance." Yet judgment was for the plaintiff, because it did not appear that there was any consideration or that the agreement, although within the statute of frauds, was in writing. That is to say, if the agreement, which corresponds to the technical term accord, is for good consideration and the defendant has done all that is requisite on his part to the performance, plaintiff will not be allowed to ignore it—and recover the full sum, both because he has a good and sufficient remedy on the new contract, which is binding; and because, it is certain that that new contract will finally be the basis of settlement in a second if not in the first suit, and nothing is gained, and much lost, by such circuity of action. If however, the agreement of accord is without consideration then neither the plaintiff nor the defendant can have any remedy on the new contract and all that law can do is to give them their legal rights under the old.

The true theory of the law is elaborated with convincing logic in *Coit* v. *Houston*, 3 Johns. Cas., 243, in the opinions of Thompson and Livingston, JJ.

"The leading reason which appears to govern almost all the cases that determine that a plea of accord only is bad, is, that an action could not be sustained on the accord on the ground of a

*nudum pactum,* but this reason ceases where the agreement, set up as the substitute, will sustain an action and afford complete redress."

This principle seems to us well sustained by the reasoning of this court in *Jenness* v. *Lane,* 26 Maine, 475.

In that case a new note for a smaller amount with an indorser was taken for an old note then due, with agreement that if paid at maturity the old note should be discharged. The agreement was valid but the new note was not paid at maturity. The action was upon the old note and sustained, but only because of the non-tender at maturity of the amount of the smaller note. The court say : "To make out the defence it must be shown that the condition in the agreement of the 22d August, 1840, was performed, or that its performance was prevented by the wrong of the plaintiff's," (precisely our case) "or that they have adopted the new note in discharge of the old."

The case of *Clifton* v. *Litchfield,* 106 Mass., 34, seems to turn upon this distinction between a valid executory contract to discharge, upon tender, and an invalid one. The court say : "An executory agreement to discharge such a demand upon the giving of a promissory note by the debtor, or payment of a sum less than the amount actually due, is not binding upon the creditor, and cannot be enforced against him, or set up in bar of a suit upon the demand; therefore the mere offer of such note, or of such less sum in payment, will not operate to discharge the debt, unless it is accepted by the creditor." *Austin* v. *Smith,* 39 Maine, 203, is a similar case.

The cases of *Cushing* v. *Wyman,* 44 Maine, 121, and *Bragg* v. *Pierce,* 53 Maine, 65, even if we regard the executory contracts therein mentioned as valid, are not in point. In each of those cases there remained some other act to be done by each and both of the parties litigant, to wit, the offsetting of the notes and demands. In the one case this act was never even requested ; in the other it was postponed on account of sickness. The accord remained executory, while in our case there was merely a certain

amount of money to be paid, which was in the eye of the law paid by the tender, and the accord was then executed.

*Blake* v. *Blake*, 110 Mass., 202, is very like our case. No question is made but that the agreement under seal is binding, but in that case the death of the debtor prevented the completion of the executory contract and no tender was made by his administrator.

It does not appear by the statement of facts in our case, that the tender was paid into court. If not, this can only affect the question of costs—defendant's rights under the specialty were established by the tender, 'and if plaintiff after tender was only entitled to the percentage legally tendered, the rulings of the court below were manifestly incorrect, and exceptions should be sustained.

*S. C. Strout* and *H. W. Gage* for the plaintiff.

The offer of defendant is too uncertain and indefinite to make it evidence, even if otherwise admissible. It does not state the percentage or the time of payment, or the party to whom the assignment was to be made. The proof must be admissible in the terms of the offer, or it is properly rejected. *Thomaston* v. *Warren*, 28 Maine, 298 ; *Tibbetts* v. *Baker*, 32 Maine, 26 ; *Bryant* v. *Crosby*, 40 Maine, 9 ; *Thurston* v. *Lowder*, Id., 197 ; *Marshall* v. *Oakes*, 51 Maine, 308.

No witness would be allowed to testify in the terms of this offer.

But the testimony was inadmissible, even if specific. No element of a general composition with various creditors is contained in the offer. Prior to the statute re-enacted in R. S., c. 82, § 38, an actual settlement of a larger claim, then due, for a less sum than the demand in money, did not bar a suit for the balance. *Bailey* v. *Day*, 26 Maine, 88 ; *Hinckley* v. *Arey*, 27 Maine, 362.

Under R. S., c. 82, § 38, such settlement when made, is binding and discharges the whole claim, but an executory agreement to take less is no bar, and does not preclude the creditor from claiming his whole debt. All defendant claims in this case is an

executory arrangement, without consideration, to take less than the debt then due in payment thereof, and to assign the same to a third party. But if made, such agreement was never executed, nothing was ever accepted by plaintiff under it, and the agreement itself was *nudum pactum.* The ruling was therefore correct. *Lee* v. *Oppenheimer,* 32 Maine, 253.

APPLETON, C. J. This is an action of assumpsit upon an accepted draft. After the plaintiff had made out his case the defendant offered to prove an agreement under the hand and seal of the plaintiff, after the maturity of the draft, to accept a certain percentage less than the amount of the draft, in payment thereof; and to transfer to some third person his debt on receipt of the same within a certain space of time ; that the percentage agreed upon was tendered within the time limited, and that the plaintiff refused to accept the same, and brought this action.

The material question is whether these facts, if proved, would constitute a defence to the suit.

It is manifest they would not show payment. The plaintiff was to transfer his debt to a person agreed upon. The debt to be assigned must exist. If the debt was to be regarded by the parties as paid or discharged, it would cease to be a debt, and consequently would cease to be transferable. But as it was to be transferred, it is manifest that neither its payment nor its discharge was in the contemplation of the parties. It was to be held by the assignee for ulterior purposes.

Neither do the facts offered to be proved show accord and satisfaction. The agreement relied upon was executory. In *Hawley* v. *Foote,* 19 Wend., 517, it was held not a good plea of accord and satisfaction that the plaintiff agreed to accept the note of a third person in discharge of the demand in suit, which on being tendered him, he refused to accept. "There has been no satisfaction," observes Bronson, J., "the accord has not been executed, and the action is not barred." *Russell* v. *Lytle,* 6 Wend., 390 ; Com. Dig., B. 4. It has been said that a different rule was laid

down in *Coit* v. *Houston*, 3 Johns. Cas., 247, but the remark is not well founded. The question there was one of evidence, not of pleading. Thompson, J. said, "there were circumstances from which the jury might infer an actual acceptance at the place where the coal lay and that they were there at the risk of the plaintiff." The plea of accord to be good, must show an accord not executory at some future time, but one executed. *Cushing* v. *Wyman*, 44 Maine, 121. A mere readiness to perform the accord, or tender of performance, will not suffice, and a plea of accord tendered has been held bad on demurrer. A plea of accord and satisfaction must allege not only a clear agreement or accord, but that it was executed by the acceptance of the matter agreed upon in satisfaction. *Hearn* v. *Kiehl*, 38 Penn., 147. The facts do not show a consummated payment. *Mansur* v. *Keaton*, 46 Maine, 346.

The tender, if there was one, cannot avail the defendant as it has not been brought into court.

The remedy of the defendant is upon his contract, if the plaintiff has failed to perform it.          *Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.