JOHN PARROTT, Appellant, v. GARDNER COLBY, Respondent.

*Corporation — Section 10 of chapter 40 of 1848 — liability of stockholders under — effect of extending time of payment of debt*

A corporation, created under the act of 1848, being, on the 8th of March, 1867, indebted to the plaintiff in the sum of $39,764.44, it was, on the 4th of August, 1868, agreed that he should accept, in full satisfaction of his debt, the sum of $25,000 in gold, to be paid as follows, viz.: $15,000 in gold coin and $10,000 in the note of the corporation, due January 4, 1869. The note not being paid, the plaintiff brought an action thereon, on the 22d of January, 1869, and recovered judgment therein. Subsequently, this action was brought to charge the defendant, as a stockholder of the corporation, on the ground that all the capital stock

of the corporation had not been paid in, as required by the act. *Held*, that the acceptance of the note did not merge or extinguish the original indebtedness, but only operated to extend the time of payment, and that, as the plaintiff had not brought an action against the corporation within one year from the time the original debt became due, viz., March 7, 1867, the defendant was not liable. The liability of a stockholder in such cases cannot be renewed or extended by any renewal or extension of the indebtedness which the creditor may make with the corporation.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee dismissing plaintiff's complaint.

*Albert Stickney*, for the appellant.

*William G. Wilson*, for the respondent.

DAVIS, P. J.

The respondent was a stockholder to the amount of $10,000 in a corporation created under the act of 1848, to authorize the formation of corporations for manufacturing, mining, mechanical and chemical purposes. (3 N. Y. Stat. at Large, 733.) By the tenth section of that act, all stockholders of every company incorporated thereunder, are declared to be severally individually liable to the creditors of the company to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof made and recorded, as prescribed in the eleventh section of the act. But the twenty-fourth section of the same act declares that no such stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due. The capital stock of the company, in which the appellant was a stockholder, was not all paid in, nor was the certificate filed, as required by the act. He was, therefore, personally liable for the debts of the company under the provisions of the act above referred to.

The company became indebted to the appellant in the sum of $39,764.44, for loans and advances made by him to the company.

This indebtedness was due on the 8th March, 1867. The referee finds that on the 4th August, 1868, it was agreed between said company and said plaintiff, by parol, that said company should pay, and the appellant accept, in full satisfaction and payment of said indebtedness, the sum of $25,000 in gold coin, to be paid as follows: $15,000 in cash, and $10,000 in the note of the company. The company thereupon paid $15,000 in gold, and made and delivered to the appellant its promissory note, dated January 1st, 1868, whereby it promised to pay to the order of the appellant, twelve months after date, the sum of $10,000 in gold coin, for value received. This note was not paid at maturity; and on the 22d of July, 1869, the appellant commenced an action against the company on the promissory note in this court and recovered judgment thereon for $14,283.33 gold and $995.03 currency, which judgment remained wholly unsatisfied. This action was brought to charge the respondent with an amount of said judgment equal to the amount of stock held by him. It clearly appears, and in fact is conceded by all parties, that the action against the company was not brought within one year from the time the indebtedness of $39,764.44 first became due; and it appears equally clear that the action was brought within one year after the note on which the judgment was recovered, became due. The real question in the case is, which was the indebtedness of the company to which the liability of the respondent as stockholder attached; the note or the debt for part of which the note was given? It is very clear that had the original indebtedness remained in the form in which it stood at the time the note was given, to wit, on the 4th August, 1868, no action could have been maintained against a stockholder of the company to recover the whole or any portion of it, because the lapse of more than one year from the time when the debt fell due, without any suit having been brought against the corporation to enforce it, had completely discharged the stockholders of the company from personal liability.

We think the liability of stockholders in such cases cannot be revived or extended by any renewal or extension of the indebtedness which the creditors may make with the corporation. The question therefore in this case is, whether the making of the note under the circumstances found by the referee, was the creation

of a new debt, or a simple renewal or extension of a part of the old debt. It is a well settled general rule that a promissory note given ·for an existing indebtedness is evidence merely of that debt and is not the debt itself; and it is extremely well settled in this State that the taking of a debtor's note does not merge or extinguish the demand for which it is taken. (*Gregory* v. *Thomas*, 20 Wend., 17; *Waydell* v. *Luer*, 5 Hill, 448; *Cole* v. *Sackett*, 1 id., 516.) In *Cole* v. *Sackett* it was held that the original demand was not extinguished although it is expressly agreed to take the note in satisfaction; and the doctrine was reiterated and approved in *Waydell* v. *Luer* (*supra*). (See also, *Hawley* v. *Foot*, 19 Wend., 516, and *Frisbie* v. *Larned*, 21 id., 450, 452.) To these cases may be added *Tobey* v. *Barber* (5 Johns., 68). This last case is regarded as a leading one. (2 Amer. Leading Cases, 225 [243], and other cases there cited.) The operation of such a note is to extend the time of payment until the note becomes due, and if it be not then paid, the creditor may sue upon the original demand, though he must be able to produce at the trial the note for cancellation, or show its loss or destruction. (Cases above cited; *Muldon* v. *Whitlock*, 1 Cow., 290.) The giving of a receipt in full on taking the note is no discharge unless the note be paid. (*Schemerhorn* v. *Loines*, 7 Johns., 313.) It appears, in this case, that there was no compromise of a disputed claim, for the corporation did not deny its obligation for the whole amount of its indebtedness to the plaintiff. There was simply an agreement on the part of the creditor to take a less sum than the whole amount concededly due. The note of the company was given in part composition of the less amount. It was not therefore an extinguishment of an indebtedness by way of accord and satisfaction. (*Palmerton* v. *Huxford*, 4 Denio, 166.)

In *Waydell* v. *Luer*, the Court of Errors did not shake or seek to impair the principle established by the authorities cited, that the naked promise of the debtor himself will not satisfy a pre-existing debt. On the contrary, that case recognized the existing law, and in reversing the judgment of the court below, as reported in 5 Hill (*supra*) based its decision upon grounds which are claimed not to be in conflict with that principle. We have not failed to consider the ingenious argument of the counsel for the appellant, based

on the fact that the appellant, by suing on the note and putting it in judgment, has in substance elected to treat it as the debt owing by the corporation; and has, by merging this note in the judgment, not only prevented himself from pursuing any remedy on the old indebtedness, but also from surrendering the note as he would have been required to do, had he sued upon the original indebtedness. But these are acts of the appellant himself, to which the respondent in this case cannot justly be said to have assented, and they cannot, we think, deprive the respondent of the right to say that the taking of the note was a mere extension of the original indebtedness, and not a payment of it. If the argument of the appellant's counsel be sound, it would not be in the power of a stockholder to protect himself against the acts of the corporation and its creditors, however long a time had expired after the maturity of the debt and after the·lapse of his liability thereupon, by simply changing its form to a note or other obligation, and then proceeding to merge such note or obligation in a judgment. We think this case was rightly decided by the learned referee, for the reasons given in his opinion, and because after a full year has expired from the maturity of a corporate debt without suit, the statutory liability of a stockholder under the act of 1848 is completely discharged.

The judgment must therefore be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.