# PROVIDENCE COUNTY.

### AVERY PETTIS *vs.* THOMAS H. RAY.

A defence of accord and satisfaction is not supported by proof of a tender of satisfaction without proof that the tender has been accepted or received.

A., the payee of certain mortgage notes made by B., sues B. for the amount due. B. alleges in defence an agreement with A. by which B. was to find a purchaser for the mortgaged realty who was to pay the arrears of interest, refund certain expenses, and execute new notes to A., whereupon A. was to accept the purchaser as his debtor and discharge B. B. avers that he found such a purchaser but that A. refused to consummate the agreement. A. sold the realty at auction under the mortgage power, bought it in, and brought the suit in question to recover a balance still due on the notes.

*Held*, that the defence was bad as an accord and satisfaction because it only showed a readiness on the part of B. to join with A. in executing the accord, but showed no satisfaction, nor execution of the accord.

*Held*, further, that the alleged agreement was bad as an equitable defence, being an attempt in violation of the statute of frauds to substitute a new oral contract for the contract evidenced by the auctioneer's memorandum of sale.

A debtor after paying specifically as interest higher rates than the law requires cannot charge the excess of his payments above the legal rate against the principal of his debt.

ASSUMPSIT. Heard by the court, jury trial being waived.

*July* 5, 1879. DURFEE, C. J. This is *assumpsit* by the payee against the maker of three promissory notes to recover the balance due on them. One of the notes is for $3,000, dated April 8, 1870, payable in one year with interest semiannually at the rate of eight per cent. per annum. It was secured by mortgage on real estate. The two other notes are for $1,000 each, payable in one year, with interest semiannually at eight per cent. per annum. They were secured by mortgage on other real estate. The defence to the $3,000 note is accord and satisfaction. The defendant avers that in May, 1878, the plaintiff, under a power in the mortgage, advertised the land, on which the $3,000 note was secured, for sale ; that previous to the sale the plaintiff agreed with him, he having sold his equity in the estate, that if he would bid off the estate, the plaintiff would give him time to look around for a purchaser, and if he could find a purchaser to pay the expenses of the sale and the arrears of interest, and give a new note for the principal secured on the estate, the plaintiff would accept the purchaser and convey the estate to him, and on receipt of the money for expenses and interest and of the note secured as stated, would release the defendant from further liability on the $3,000 note. The defendant avers that after some delay, and after the estate had again been advertised for sale under the mortgage, he found such a purchaser and the plaintiff consented to accept him, and appointed a day for the consummation of the agreement; that on the appointed day the purchaser was ready, with the money required, to perform the agreement, but the plaintiff refused to proceed with it, and subsequently sold the estate under the mortgage, being himself the purchaser. The plaintiff denies the correctness of the statement. The case presents two questions, to wit: 1. Are the facts as stated ? and 2. If so, do they constitute a good defence ? We will consider the second question first, for if the second question is decided against the defendant, it will be unnecessary to consider the first at all.

The rule that an accord is no bar without satisfaction is not questioned, but the defendant contends that a tender of satisfaction is satisfaction in legal effect. He cites *Bradley* v. *Gregory*, 2 Camp. 383, which contains a *nisi prius* ruling of Lord Ellenborough to that effect. The same doctrine is supported by *Heirn* v. *Carron*, 19 Miss. 361. But the preponderance of authority is

decidedly against it. *Peytoe's case,* 9 Rep. 79 ; *Rayne* v. *Orton,*
Cro. Eliz. 305 ; *Allen* v. *Harris,* Ld. Raymond, 122 ; *Lynn* v.
*Bruce,* 2 H. Bla. 317 ; *Russell* v. *Lytle,* 6 Wend. 390 ; *Hawley*
v. *Foote,* 19 Wend. 516 ; *Day* v. *Roth,* 18 N. Y. 448 ; *Clark* v.
*Dinsmore,* 5 N. H. 136 ; *Clifton* v. *Litchfield,* 106 Mass. 34 ;
*Hearn* v. *Kiehl,* 38 Pa. St. 147 ; *Young* v. *Jones,* 64 Me. 563.
These cases maintain or favor the doctrine that the satisfaction
must be accepted or received as well as tendered. In *Hawley* v.
*Foote,* 19 Wend. 516, the case of *Coit* v. *Houston,* 3 Johns. Cas.
243 and 559, the last reference being to cases from Radcliff's
MSS., which has been thought to hold otherwise, is explained and
reconciled with them. We suppose the reason for the doctrine
is, that a mere accord is not an obligatory contract, and therefore
a tender in compliance with it does not bind the creditor unless he
accepts it. If this is so when there is a tender of things which
can be received, it is so *a fortiori* when there is no tender, but only
a readiness and offer to join with the creditor in executing the
accord. The case at bar is of the latter kind. The defendant
shows simply a readiness or an offer on the part of a stranger to
the accord to execute it in the defendant's behalf if the creditor
would put it in his power to execute it by conveying the mort-
gaged estate to him. The accord remained unexecuted. The
creditor has nothing to satisfy the debt. In such a state of things
we think it would be going too far to hold that the debt has been
satisfied. The cases that go farthest do not go to that extent.

Perhaps it may be thought that the agreement was more than
an accord, especially after the purchaser procured by the defen-
dant became a party to it, and that it may be availed of as a dis-
tinct contract under the plea of equitable defence. But, regarded
in that light, the agreement is ineffectual under the statute of
frauds, for it is an attempt to substitute a new oral contract for
the contract evidenced by the written memorandum of the auc-
tioneer.

After the notes in suit fell due, the defendant continued for
several years to pay the interest semiannually, at the rate of
eight per cent. per annum. He claims that, inasmuch as he was
only liable for six per cent., he is entitled to have the excess ap-
plied to reduce the principal. We do not think the claim can be
allowed. Under our law the defendant could not have been

obliged to pay over six per cent. after the notes matured if he had refused to do so; but there was nothing in the law to prevent his agreeing or consenting to pay interest at a higher rate after the notes matured, and therefore, having paid at the higher rate, he is bound by the payment. The payments on the notes were not made generally on account, but specifically for the interest as such.

We give the plaintiff judgment for the balance remaining unpaid on the notes, with interest thereon at six per cent. from the time of the last payment of interest.

*Judgment accordingly.*

*Simon S. Lapham, Edwin C. Pierce, & Phillip C. Scott,* for plaintiff.

*Charles H. Page & Edward C. Dubois,* for defendant.