ANTOINE CAMPBELL, Respondent, *v.* JOHN HURD, Appellant.

*Order by an agent on his principal, not a satisfaction unless paid — accord — not a bar to the original cause of action.*

The giving of an order upon a debtor by his agent, when accepted, is equivalent to the debtor's giving his own note in payment of the debt, and is not a satisfaction unless such order is paid in full. (MAYHAM, P. J., dissenting.)

An accord is not a bar to a suit on the original cause of action. (Per PUTNAM, J.)

APPEAL by the defendant, John Hurd, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 26th day of June, 1893, upon the report of a referee.

The plaintiff, having a claim against the defendant for services rendered under a written contract, for a considerable sum, accepted from defendant's superintendent an order on defendant for $450 in settlement. This order was accepted by the defendant, and $150 paid on account of it. The balance was not paid, and this action was brought to recover on the original contract.

*S. A. Beman* and *Theo. H. Swift,* for the appellant.

*Lawrence Russell* and *Nelson L. Robinson,* for the respondent.

PUTNAM, J.:

Plaintiff brought this action to recover a balance due on an unsettled account. The defendant claimed an accord and satisfaction. The testimony in the case, however, shows an accord but not a satisfaction. The accord is not a bar to a suit on the original cause of action. (*Brooklyn Bank* v. *De Grauw*, 23 Wend. 342.) The giving of the order by defendant's agent on defendant was equivalent to defendant giving his own note for the claim in suit, which has been held not to be a satisfaction. (*Person* v. *Civer*, 29 How. 432, 438, 439.) Although if the order had been paid in full it would have amounted to a satisfaction.

As there was no accord and satisfaction I think it follows that plaintiff was not estopped by the new agreement or accord as to the amount of the recovery or otherwise. To hold that plaintiff can only recover the amount agreed upon by the accord is in fact to hold such accord binding upon him without satisfaction. In my view, there being no accord and satisfaction, the plaintiff can recover on the original claim in all regards as if the order by defendant's agent on defendant had not been given.

It follows that the refusal of the learned referee to find " that the settlement and acceptance of the cash order by the plaintiff and its acceptance by the defendant fixed the amount of defendant's liability under said contract mentioned in the complaint," as requested by defendant, was not an error.

I have examined the various exceptions taken by the defendant on the trial and think that neither of them requires a reversal of the judgment.

I think, therefore, that the judgment should be affirmed, with costs.

HERRICK, J.:

I concur; the new promise, that is, the order to pay $450, and the promise to pay the same was to be the satisfaction of the accord when paid; not having been paid, there was not a complete accord and the original indebtedness remains in full force. (*Kromer* v. *Heim*, 75 N. Y. 574–577.)

MAYHAM, P. J. (dissenting):

The principal question, and the one upon which all the other important questions raised by the appellant on this appeal must

turn, is whether the evidence in this case established an accord and satisfaction.

The complaint sets out a written contract between the plaintiff and defendant, whereby the plaintiff agreed to peel, pile and deliver bark at a specified price, and to cut and deliver a quantity of timber therein specified at prices specially set out in the contract, alleges performance of the contract, and claims a balance due him for the labor performed under such contract.

The answer of the defendant admits the making of the contract, denies that any sum is due the plaintiff and sets up settlement, pay-- ment, accord and satisfaction. The evidence discloses the fact that after the performance of the services by the plaintiff under the contract, differences arose between the parties as to the amount of the services rendered and as to the balance remaining due the plaintiff. In one of these interviews the plaintiff claimed $500, and the defendant offered him $450. Soon after the plaintiff wrote the defendant's agent as follows:

" Mr. BERKLEY :

" SIR — You may send me that order for four hundred and fifty dollars, and I will send you a Recite in full. Tell Mr. Hurd about this order so that I won't be to enny extary expense in going only once to Santa Clara ; you need not send me itimise bill unless you want to.

" Respectfully yours,

"A. J. CAMPBELL."

The case shows that Berkley, to whom this letter was addressed by the plaintiff, was the defendant's superintendent, and that on the day after the receipt of this letter he sent to plaintiff the order as directed in this letter, and on presentation the defendant accepted the same and agreed to pay it, and did thereafter pay thereon $150, which the plaintiff received and retained. Defendant directed the plaintiff to present the order to other parties, and said they would pay it, but on being requested by the plaintiff they declined to do so.

Had this order been drawn on and accepted by a third person, and not the debtor himself, it would, we think, have been an accord and satisfaction, by reason of the plaintiff's promise in his letter to give a receipt in full.

The plaintiff would then in effect have transferred the claim from the principal debtor to the drawer and acceptor of the order, and would have had a right of action on the acceptance which would have been a satisfaction of the defendant's liability to the plaintiff.

Such a transaction would have been a bar to an action on the original contract, because it would, in that event, have been accepting the order as payment, and would have been within the definition given in Blackstone's Commentaries of an accord and satisfaction. (3 Black. Comm. 15.)    The agreement to take the order would be an accord, and its delivery and acceptance would be a satisfaction. But no such rule obtains when the debtor promises performance himself and fails to execute his agreement.    If the defendant had paid this order all of his liabilities on the original contract would have been merged in this new agreement, and such payment would have amounted to an accord and satisfaction, and no action would, therefore, lie on the original contract.    His failing to do so, how·ever, left his liability still existing, only reduced by the $150 actually paid under the new agreement.

In *Brennan* v. *Ostrander* (50 N. Y. Super. Ct. 426) it was held that an accord, with part execution only, cannot be pleaded in satisfaction.

The accord must be completely executed to sustain such a plea. In *Russell* v. *Lytle* (6 Wend. 391) MARCY, J., says: " To make an accord good it must be in full satisfaction.    Where an accord is relied on it must be executed.    Readiness to perform is not sufficient."    (See, also, *Hawley* v. *Foote*, 19 Wend. 516 ; *Brooklyn Bank* v. *De Grauw*, 23 Wend. 342 ; *Dolsen* v. *Arnold*, 10 How. Pr. 528.)

The amount which was agreed to be paid not having been paid by the defendant, upon the order accepted by him, there was no accord and satisfaction within the authorities above cited.

The remaining question is, was the previous contract between the parties so far merged in the new agreement or settlement as to bind the plaintiff as to the amount which he should recover?

It seems to me that the parties by this letter and order to which we have referred, fixed and settled the amount of the defendant's liability, and that the plaintiff should not now be allowed, after accepting under this compromise or new agreement a portion of the amount, to retain so much of the fruits of the compromise

as he has received under it, and at the same time repudiate the agreement for the purpose of his recovery in this action.    He has once in writing agreed to accept a cash order for $450, and sent a receipt in full; having received the order, and accepted upon it from the defendant a payment of $150, he should be estopped from now saying to the defendant that that payment was received upon the general unliquidated claim, and seek to recover the balance as though there had been no settlement or liquidation of the amount; and the referee's refusal to find as requested in the defendant's fourth request as conclusions of law, viz. : " That the settlement and acceptance of the cash order by the plaintiff, and its acceptance by the defendant, fixed the amount of defendant's liability under said contracts mentioned in the complaint," was error for which a new trial should be granted.

The judgment should be reversed, referee discharged and a new trial ordered, costs to abide the event.

Judgment affirmed, with costs.