### In re CLARK & McMASTER PIANO CO.

(Circuit Court of Appeals, Second Circuit. March 26, 1923.)

No. 58.

1. **Bankruptcy ⚙⟹228—On review of referee's finding, exceptions to referee's report are improper.**

   On petition to review referee's finding, exceptions to the referee's report are improper, under General Order XXVII (89 Fed. xi).

2. **Bankruptcy ⚙⟹463—Return of cause to District Court, to permit record to be corrected by inserting matters in summary of evidence, will be denied.**

   On appeal from order, a motion to return the cause to the District Court to correct the record by inserting matters in the summary of evidence to show that the finding below was erroneous, will be denied.

3. **Bankruptcy ⚙⟹314(1)—Trustee held bound by bankrupt's agreement for settlement.**

   Where creditors agreed to surrender their claims in consideration of the debtor corporation's amending its articles of incorporation to permit the issuance of preferred stock and delivering to each creditor an amount of preferred stock, and the stock was delivered to one of the creditors for delivery to the others, *held* that, where one of the creditors and its subsequently appointed trustee in bankruptcy never accepted such stock, but the trustee filed claim against the estate of the debtor, who also became bankrupt, for the amount of such creditor's indebtedness, such claim was properly disallowed, the failure to accept the stock constituting a breach of the agreement only, so that the trustee of the creditor was bound by the agreement, though he never received the stock.

Appeal from the District Court of the United States for the District of Vermont.

In the matter of the Clark & McMaster Piano Company, bankrupt. From an order Charles H. Keith, as trustee in bankruptcy of the National Piano Company, appeals. Affirmed.

Appellant, Keith, represents as trustee in bankruptcy the National Piano Company (hereinafter called the National), and the order appealed from in substance refused to recognize said National or its trustee as a creditor having a provable debt against the estate of the Clark & McMaster Piano Company (hereinafter called Clark). Clark was adjudicated February 15, 1917. The National was similarly adjudicated in Massachusetts June 19, 1916.

On May 26, 1916, the National was a creditor of Clark in the sum of upwards of $19,000, almost wholly represented by promissory notes of Clark, and at the same time several other persons and corporations were similarly creditors of Clark, and all were desirous of strengthening Clark's financial situation. Moved by this consideration, these creditors, on the day last given, entered

---

⚙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

into an agreement with each other and with Clark, whereby each creditor agreed to surrender or transfer his claim to Clark in consideration of the latter so amending its articles of incorporation as to permit the issuance of preferred stock and then delivering to each of the creditors aforesaid an appropriate allotment of said preferred stock. There were other details to this agreement, such as providing for representation of the creditors aforesaid in the management of Clark, but they appear to be immaterial.

In pursuance of the agreement aforesaid, Clark on June 9, 1916, filed in the proper office in Vermont a certificate amending its articles of association and providing (inter alia) for the issuance of the preferred stock aforesaid. On or about June 19, 1916, certificates of said preferred stock were in pursuance of the agreement hereinabove set forth lodged with one of the creditors aforesaid named Jordan, for delivery (inter alios) to National. But neither National nor its trustee in bankruptcy has ever applied for or accepted the shares of preferred stock aforesaid, but, on the contrary, filed a claim against the bankrupt estate of Clark on the indebtedness of the latter to National as the same existed on May 26, 1916.

After an extended trial before the referee in bankruptcy the claim was disallowed. The matter was taken by petition of review before the District Court, which affirmed the referee's finding, and this appeal followed.

Lee M. Friedman and Friedman, Atherton, King & Turner, all of Boston, Mass., for appellant.

Robert E. Healy, of Bennington, Vt., and Marvelle C. Webber and P. M. Meldon, both of Rutland, Vt., for appellee and sundry creditors.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] One point of practice may be noted. The statement prefixed to this opinion consists of the material findings of fact made by the referee. When by petition of review appellant took the matter before the District Judge, he filed elaborate exceptions to the referee's report. This is not the practice. The matter of review by the District Court is fully regulated by the twenty-seventh General Order in Bankruptcy (89 Fed. xi), which requires the petitioner to file his petition "with the referee * * * setting out the error complained of." This is the only exception or assignment of error required or permitted. By the same order the referee is required to certify to the judge the question presented, and to submit his finding and order together with a summary of the evidence. Exceptions such as are shown in this transcript merely incumber the record. We hear the case, as did the District Judge, on the referee's return.

[2] Since the argument of this appeal appellant has moved to return the cause to the District Court in order that the "record may be * * * corrected." Argument shows that this really means to insert in the summary of evidence certain matters calculated to show that the proceedings on the part of Clark, resulting in the issue of preferred stock, were so defective that there never was any valid preferred Clark stock. The conclusion sought to be reached is directly opposed to a finding made by the referee and supported by evidence. Whatever virtue there was in this contention has been apparent from the beginning, and it is much too late to raise the point in this court. The motion is denied.

[3] The statement prefixed to this opinion also shows that there was an agreement or contract duly formed between certain creditors of Clark inter sese, and also with Clark. This contract necessarily remained executory until (e. g.) Clark delivered the preferred stock and National surrendered its notes. We agree with the referee's finding that National committed a breach of this agreement, but whether that breach occurred before petition filed against National, or whether the latter's bankruptcy itself constituted the breach, remains uncertain; but this is immaterial.

It suffices that there was a breach of a valid agreement as found by the court below, a result with which we agree. It therefore follows that National's trustee (the present appellant) is substantially claiming that by the proven breach he has become entitled to prove on the original debt. The unusual facts at bar present a question of more curiosity than importance, viz.: Was the contract one for an accord and satisfaction, or one of compromise and settlement; or was it a composition with creditors?

In the court below it was treated as one of compromise and settlement, and governed by Boston, etc., R. R. Co. v. Union, etc., Co., 92 Vt. 137, 143, 101 Atl. 1012; and this was clearly right, if the agreement was properly called a compromise and settlement, because the contract was fair and just, compromises are favorably regarded in a court of equity, and a court of bankruptcy is one of equity, which should therefore uphold and enforce any compromise agreement which does not override any other principle guiding chancery in the enforcement of contractual obligations. If the agreement be regarded as a composition with creditors, we find present all the elements necessary for the validity of such a contract, to wit, good faith, absence of secret preferences, and stipulations by and between, not only debtor and creditor, but between the creditors themselves.

The appellant now claims that the agreement was one of accord and satisfaction, and that, inasmuch as National never received the consideration agreed on, it may still sue on the original debt. It is true that, at law, a plea of accord and satisfaction must not only allege the agreement clearly, but declare that it was executed by the acceptance of the agreed consideration. Young v. Jones, 64 Me. 563, 18 Am. Rep. 279. The court, however, in that case, added that the remedy of the defendant, whose offer of the consideration had been refused, was to sue the plaintiff for failure to perform his end of the contract. It does not follow that such circuity of procedure is necessary in equity, but every composition agreement is a species of multiple accord and satisfaction, and it is an exception to the rule of law just referred to, so that in cases of composition the contract for the same is a bar even to an action at law to recover on the original debt by one who agreed to the composition, although the same remains executory at date of action brought. Kromer v. Heim, 75 N. Y. 574, 31 Am. Rep. 491.

Thus we are not concerned to assign with nicety this contract to any particular legal pigeonhole. In truth it partakes of the nature of all three; but, whatever it be called, the result is the same, and the action of the court below was both morally and legally right.

Order affirmed, with costs.