RUFUS MANSUR *versus* MILES KEATON.

A., having commenced an action against B., which was defaulted and continued for judgment, agreed, after default and before judgment, to accept an execution held by B. against C. in full payment, which agreement was not carried out by A.; — *Held,* that this did not constitute a consummated payment, or accordance and satisfaction; and that the execution against C., though in the hands of A., by virtue of the agreement, was still the property of B.

THIS was an action of DEBT on a judgment recovered by plaintiff at the February term, 1849, of the late District Court for Aroostook county. Plea, *nil debit,* with brief statement of payment.

The defendant offered evidence that, in February, 1847, he recovered a judgment against one Samuel Stackpole, and took out execution thereon on March 1, 1847; that, in the fall of 1847, he made an agreement with said Mansur, by which he

was to take said Stackpole execution in full discharge and payment of the demand he had against said Keaton; that the action upon which said Mansur's judgment was founded was commenced and entered in Court in February, 1846, and defaulted at first term and continued for judgment till February term, 1849, and that defendant, at the time he made said agreement with Mansur, supposed that judgment had been rendered in said suit against him, and that said Mansur held the execution; that said Stackpole execution was then in the hands of John B. Trafton, of Fort Fairfield, his attorney, and that said defendant employed one Elijah Gordon to procure said execution and deliver it to said Mansur; that afterwards said defendant had an order on Mansur from one Esty, for about $12, and that he presented it to Mansur for payment; that said Mansur retained out of it some 7 or 8 dollars, which he said he had been obliged to pay to Trafton for fees, in order to get the Stackpole execution; that thereupon said defendant demanded of said Mansur his execution or demand against him; that said Mansur said the execution was over in the clerk's office, that he could go and get it, but that the clerk always kept them on file; that said defendant, afterwards, in 1847 – 8, called on plaintiff several times for the execution against him; that Mansur never refused, but put him off with excuses; that he has never seen him since on the subject, and that he had never been called upon for said execution against him from that time until the commencement of this suit.

Defendant also offered to prove that said Stackpole execution was delivered to Mr. Mansur, and that Mansur had called upon Stackpole to pay it to him, and that he has said execution now.

Defendant also offered the deposition of Elijah Gordon of Bangor, in evidence of the alleged agreement.

The Court excluded the evidence offered by the defendant, as inadmissible, to which the defendant excepted.

————— ————, for plaintiff.

Tyler *v.* Winslow.

*Blake & Garnsey,* for defendant, contended that the evidence offered by the defendant and ruled out by the Court, was properly admissible, and cited *Marriott* v. *Hampton,* 7 Term R. 268; *Holmes* v. *Aery,* 12 Mass. 136; *Jordan* v. *Phelps,* 3 Cush. 545.

The opinion of the Court was delivered by

DAVIS, J.— The facts proved, and offered to be proved, do not constitute a *consummated* payment, or accord and satisfaction. The plaintiff having neglected or declined to carry out the arrangement, the Stackpole execution is still the property of the defendant. *Exceptions overruled.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and KENT, J. J., concurred.