ment, and then, if it was successful, plaintiff was to share in the gains.   A number of such investments were made, and on each occasion plaintiff received his share of the profits.   On October 5, 1886, the plaintiff advised the defendant to buy 500 shares of the reorganized. trust receipts of the Texas Pacific Railroad Company, stating his reasons for such advice.   The defendant agreed, and plaintiff ordered the purchase.   He then returned, and informed the defendant of the purchase, and at the time asked him, "What will my interest be,—two hundred shares, as before?" to which the defendant replied, "All right."   The stock was subsequently sold at a considerable profit, but defendant refused to give plaintiff his share; whereupon the plaintiff brought this action, and recovered a judgment of $1,438.63.   The defendant's contention is that there was no consideration for the agreement to give plaintiff the 200 shares, and that the agreement, if made at all, was made after the purchase of the stock.   But reliable information as to facts upon which the future price of stock will depend is a sufficient consideration to uphold an agreement or contract in relation to such stock.   See *White* v. *Drew,* 56 How. Pr. 53.   The plaintiff had what turned out to be reliable information, which he imparted to the defendant, who acted upon such information, with profitable results to himself.   This forms a sufficient consideration.   See *White* v. *Drew, supra;* 3 Pars. Cont. 359.   As to the promise to give the plaintiff the 200 shares being made after the purchase of the stock, we see no value in the defendant's contention; for a past consideration, beneficial to the defendant, to which he afterwards assents, is sufficient to support an action.   See *Doty* v. *Wilson,* 14 Johns. 378.   The evidence, although conflicting, was sufficient to warrant the submission of the question to the jury, who found in favor of the plaintiff.   To the charge no exception was taken, and we find no exception to the admission or exclusion of testimony that raises a question of sufficient importance to require discussion here.   The judgment and order appealed from are affirmed, with costs.

---

### CITY SAVINGS BANK *v.* STEVENS *et al.*

(*Superior Court of New York City, General Term.*   July 2, 1891.)

ACCORD AND SATISFACTION—WHAT CONSTITUTES.

> In an action against the makers of a negotiable note for $1,463, which plaintiff bank had discounted for the payee before maturity and without notice that it was accommodation paper, it appeared that plaintiff had agreed with the payee that on the payment of $20,691 by the payee to plaintiff judgments recovered by plaintiff against such payee, aggregating $27,589, including the note in suit, should be discharged, and that plaintiff should hold all the bills receivable in its possession belonging to the payee, and endeavor to collect the same from the makers, and credit the proceeds on the $20,691. Afterwards plaintiff received from the receivers of the payee's property $5,000 under the agreement.   *Held,* that such transaction did not constitute an accord and satisfaction of plaintiff's demand against defendants, (the makers of the note,) but plaintiff was entitled to enforce all the obligations held by it until the $20,691 should be paid, defendants not having pleaded the receipt by plaintiff of the $5,000, or claimed any *pro rata* benefit from it.

Appeal from jury term.

Action by the City Savings Bank against Henry E. Stevens, Jr., and others.   Plaintiff, a corporation doing business at Chattanooga, Tenn., sues defendants as makers of a promissory note, dated August 15, 1889, wherein they promised to pay, four months after said date, to the order of the North Alabama Lumber & Manufacturing Company, $1,463.91.   The payee indorsed and transferred the note to plaintiff.   The defense is two-fold: First, that there was no consideration for the note; and, next, that it was discharged by an executed agreement made between the payee and plaintiff.   The opinion of the court below was delivered by MCADAM, J., at a jury term, a trial by jury having been waived, as follows: "The plaintiff, by discount, in the usual course of business, became the *bona fide* holder of the note before maturity, without notice that it was accommodation paper, and had the right to

deal with the payee thereof as if it had been made for a full consideration. *Hoge* v. *Lansing*, 35 N. Y. 136; *Bank* v. *Hammett*, 50 N. Y. 160; *Bank* v. *Crine*, 33 Fed. Rep. 809.   Upon this hypothesis the agreement made between the payee and the plaintiff does not affect the right of the latter to prosecute the makers.   The agreement (which is pleaded as an accord and satisfaction) recites that in a certain attachment suit pending in the federal court at Huntsville, Ala., wherein the plaintiff herein is plaintiff and the North Alabama Lumber & Manufacturing Company is defendant, there shall be a judgment entered for $17,191.78 damages, including the note in suit; that the judgment shall not be now enforced, but that three persons named as assignees in an assignment made by the lumber company shall act as receivers, with power to sell the attached property; that said persons shall also act as receivers in respect to a $3,500 judgment between the same parties in the chancery court of Marion county, Tenn.; that, although there is actually due to the plaintiff $27,589.04, that amount is to be considered discharged as soon as the judgments, aggregating $20,691.78, are paid.   It is also agreed that the plaintiff shall hold whatever bills receivable it has in its possession, and endeavor to collect the same from the parties by whom they were made, crediting the proceeds on the $20,691.78 aforesaid.   The plaintiff has thus far received $5,000, and has the right, under the agreement, to continue to enforce whatever obligations it holds until the entire $20,691.78 is realized.   The transaction stated does not constitute an accord and satisfaction of the plaintiff's demand, nor does it in any way prejudice the defendants, and consequently does not impair the plaintiff's remedies.   The doctrine of suretyship sometimes applied to the makers of accommodation notes, transferred by the payees to third persons, is inapplicable here, because the plaintiff, the holder of the instrument, had no knowledge of any facts creating the relation of principal and surety, and acted, as it lawfully might, on the assumption that the note was business paper, and that the parties to it held that relation to each other which the form of the contract disclosed.   *Vide* authorities before cited.   The defendants did not plead the receipt by the plaintiff from the trustees of the $5,000 on account, nor claim any *pro rata* benefit from it, nor do they claim 'payment' (in the technical sense) of the obligation sued upon, either in whole or in part, for the term 'payment,' in its legal import, means 'the satisfaction of a debt by money, not by an exchange or compromise, or an accord and satisfaction.'   *Manice* v. *Railroad Co.*, 3 Duer, 441; *Morley* v. *Culterwell*, 7 Mees. & W. 174.   The defendants are not, therefore, in a position to invoke the application of the equitable doctrine (*Bank* v. *Moore*, 112 N. Y. 543, 20 N. E. Rep. 357) that, where a creditor receives money on account of his debtor, he may be compelled to apply it ratably to all claims against the debtor, as well as to those upon which other persons are liable.   Upon the pleadings and proofs the plaintiff is entitled to judgment for $1,567.23, the amount claimed, and interest."   Defendants appeal.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

Kelly & MacRae, for appellants.   George W. Van Slyck, for respondent.

PER CURIAM.   Judgment affirmed, with costs, on the opinion of the court below.

---

### MILLER *v.* CURTISS.

(*Superior Court of New York City, General Term.   July 2, 1891.*)

DECEIT—EVIDENCE.

   In an action to recover the amount paid defendant for shares of stock, it appeared that plaintiff, desiring to purchase some of the stock, was told by defendant that one A. had some shares for sale, whereupon plaintiff asked defendant to purchase the shares for him.   Defendant then transferred shares owned by himself to plain-