### FULLER *v.* KEMP.

(*Common Pleas of New York City and County, General Term.* November 4, 1891.)

ACCORD AND SATISFACTION—CONDITIONAL PROPOSITION—ASSENT—EVIDENCE.
    Plaintiff performed medical services for defendant, and rendered his bill for $670. Defendant objected to the amount of the bill, and requested a corrected bill. Plaintiff then rendered an itemized bill for the same amount. Defendant then inclosed plaintiff a check for $400 "in full satisfaction" of his services. Plaintiff credited this check on the account, and sent a statement of balance due. Defendant replied, stating that the check was not to be retained except in full satisfaction of the claim, and desiring plaintiff to "either keep the money upon the condition named or return same to me." Plaintiff kept the check, and brought an action for the balance due. *Held*, that there was no such assent on the part of plaintiff to defendant's proposition, as to the terms on which the check should be kept, as would support defendant's plea of accord and satisfaction.

Appeal from trial term.

Action by Fraser C. Fuller, plaintiff, against Edward Kemp, Jr., defendant, to recover a balance due on account. From a judgment for plaintiff, entered on a verdict of a jury, defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Clarke & Culver,* (*R. Floyd Clarke*, of counsel,) for appellant. *Vanderpoel, Green & Cuming,* (*Henry Thompson*, of counsel,) for respondent.

BISCHOFF, J.   The facts, so far as they appear from the agreed statement made for the purposes of the trial, are as follows:   Plaintiff, a physician, performed services as such at the request of the defendant, without any express previous understanding as to the rate of compensation to be charged and paid.   For these services plaintiff rendered a bill amounting to $670, on receipt of which defendant wrote to plaintiff expressing surprise at the amount, requesting him to give the matter his attention, and to send a corrected bill. In compliance with this request, plaintiff rendered an itemized bill, the footing of which was, as before, $670.   Thereupon defendant wrote plaintiff as follows:   "I inclose my check for four hundred dollars, in full satisfaction of your claim for professional services against me to date.   The deductions I have made have been in the instances when you have charged me 5, 4, and 3 visits per day, at full rates.   I trust that you will view the matter in the same spirit in which I do, which is to fix a figure which will be entirely just to you and to myself.   I have arrived at the within conclusion only after careful and earnest thought."   Accompanying this letter was defendant's check for $400 to plaintiff's order, in usual form, and bearing no indorsement, indicating that its use by plaintiff was intended by defendant as an acceptance of the amount in satisfaction of the claim for services.   On receipt of the last-mentioned letter, plaintiff again rendered a bill to defendant for the former amount, crediting defendant with a payment of $400 on account, and insisting upon payment of the balance.   The check was indorsed by plaintiff, and the amount thereof received and retained by him.   To plaintiff's last bill defendant replied by letter, as follows:   "I forwarded check for $400 to your order, inclosed in my letter of March 13, 1889, upon the express condition, therein named, that the same was inclosed as payment in full satisfaction of your claim for professional services against me to date.   I do not recognize that you have the right to retain the amount so offered upon that distinct understanding, and yet repudiate the condition of the offer.   Either keep the money upon the condition named, or return same to me by return mail."   Plaintiff did not return the amount of the check, but brought this action for the balance claimed by him to be due.   Under his defense of accord and satisfaction, the defendant relied upon the foregoing facts as a bar to plaintiff's recovery, and it was agreed between the parties that, for the purposes of that defense, the value of plaintiff's services should be taken to have been $570, and that neither party should be awarded, as against the other, either the costs of the action, or of any appeal from the judgment to be entered therein.   The learned trial judge held the facts insufficient to support an accord and satisfaction, and directed judgment in favor of plaintiff for $170, from which defendant now appeals.

The question presented to us for solution, upon the facts submitted, is not whether the plaintiff may lawfully retain the check, and yet refuse compliance with the condition upon which it was tendered, but whether the retention and use of the check by the plaintiff, notwithstanding its conditional tender by the defendant, operated as an acceptance thereof in satisfaction of plaintiff's demand, contrary to his express and unequivocal refusal so to receive it. An accord and satisfaction is the substitution of a new agreement between the same parties in the place of the former one, and the execution of such new agreement by each of the parties thereto on his part, (Lawson, Rights, Rem. & Pr. p. 4228, § 2567; 1 Amer. & Eng. Enc. Law, p. 94, "Accord and Satisfaction;" 2 Pars. Cont. p. 681, § 4; *Kromer* v. *Heim*, 75 N. Y. 574,) and unless, therefore, the facts present the constituent elements of a valid new agreement, the plea of accord and satisfaction is not supported.   These elements are parties, subject-matter, consideration, and assent, (1 Pars. Cont. § 111, p. 8;) the existence of the last two being denied by the plaintiff.   Were we satisfied that the element of assent is not wanting, we would not hesitate to reverse the judgment appealed from, as the facts conclusively estab-

lish a sufficient consideration to support the alleged new agreement. Plaintiff's demand was for an unliquidated amount, and disputed in evident good faith by the defendant, and the forbearance of further dispute furnished a sufficient consideration for the acceptance of less than the sum first demanded. 2 Chitty, Cont. p. 1127; 2 Greenl. Ev. § 28; *Palmerton* v. *Huxford*, 4 Denio, 166; *Baird* v. *U. S.*, 96 U. S. 430. So, also, did the fact that defendant's tender of a less amount than that claimed to be due was made in the form of his negotiable check, import a sufficient consideration, and, if it had been accepted by plaintiff in satisfaction, such acceptance would have barred a further recovery. Any additional benefit, or even the possibility of a benefit, to the creditor, which he receives with the acceptance of less than the full amount of an ascertained debt, in satisfaction thereof, is a sufficient consideration for the agreement to discharge the remainder of the debt. *Jaffray* v. *Davis*, 124 N. Y. 164, 26 N. E. Rep. 351. Such a benefit, or possibility of benefit, to the creditor will be presumed from the conversion of part of a simple contract demand into a negotiable check, promissory note, or other security. *Goddard* v. *O'Brien*, 9 Q. B. Div. 37; *Bank* v. *Huston*, (Pa. Sup. Feb. 13, 1882,) reported in 11 Wkly. Notes Cas. 389; *Sibree* v. *Tripp*, 15 Mees. & W. 26; 2 Greenl. Ev. § 28. We are, however, of the opinion that the facts fail to show plaintiff's assent to defendant's proposition that the check be received in satisfaction of the demand against him, and cannot for that reason arrive at the conclusion that the judgment appealed from was erroneously awarded. "Assent" is evidenced by a proposition emanating from one side and acceptance of it on the other, the proposition and acceptance together constituting what is sometimes called a "meeting of the minds." Was there a "meeting of the minds?" The application of the amount of the check in part payment, and his insistence upon payment of the balance, were acts involving an emphatic refutation on plaintiff's part of defendant's proposition that the check be accepted in full discharge of his debt. True, assent may sometimes be inferred from conduct, (3 Amer. & Eng. Enc. Law, p. 858, § 33; 1 Whart. Cont. § 6 *et seq.*;) but in the interpretation of a person's contractual intentions we comprehend conduct to include the aggregation of the acts of a person respecting the subject-matter of the alleged contract. It would be manifestly unfair to single out one of a series of acts which, standing alone, would be indicative of an intention to assent, and to exclude from consideration all other acts which unequivocally point to refusal, and unmistakably qualify the former. To do so would require the subjugation of the mind to unconscious acts, and to render the latter more potent factors in the determination of a person's contractual intention than his expressed will. Intention is a mental fact, to be ascertained from expression by conduct or words, and it would be no less unfair to predicate a person's intention upon one of a series of acts, together forming his conduct, respecting a particular matter, to the exclusion of the others, than it would be to adopt one or more words of a whole sentence, expressing a particular intention, as evidence of one in conflict therewith. The acts of indorsing and obtaining the money on the check were not inconsistent with plaintiff's intention to apply the amount in part payment, clearly expressed by his subsequent act; and considered in the light of that act, and his insistence upon payment of the balance, there can be no room for inference that plaintiff at any time assented to a proposition to receive defendant's check in full satisfaction. Whether he did so assent or not is a question of fact, which, like other questions of fact, must be determined upon the evidence, and, if the inference of assent arising from the act of retaining the check tendered in satisfaction, abstractly considered, is thereby refuted, the inference is rendered inexistent, and the intention will prevail. *Day* v. *McLea*, 22 Q. B. Div. 610. The judgment appealed from should be affirmed, but without costs as per stipulation. All concur.