## HOGAN v. BURNS.

### No. 15,037; June 27, 1893.

#### 33 Pac. 631.

**Appeal—Conflicting Evidence.—Where Plaintiff and Defendant** are the principal witnesses in the case, and their testimony is conflicting, a judgment for plaintiff will not be disturbed in the absence of any reason why the court should have believed defendant rather than plaintiff.

**Promissory Notes.—An Answer in an Action on Notes** which denies that certain of the first four notes have not been paid, and alleges that they have been "satisfied and discharged," does not plead an accord and satisfaction.

**Promissory Notes.—In Such Action It Appeared That After** the date of such first four notes defendant gave plaintiff an order at the bottom of a stated account against him amounting to $70 less than the face of such notes on the attorney for the executor of a certain estate; that such attorney accepted the order, reciting in the acceptance that "certain moneys will in the future, in all probability, become due and payable to" defendant out of the income from certain real estate belonging to such estate, and that the order was payable only out of moneys coming from such estate, "and not claimed or affected by attachments or other claims." Held, that, though an accord and satisfaction was pleaded, it was not error to exclude such account, order, and acceptance from the evidence in the absence of any offer to show by other evidence that they were intended or accepted as satisfaction of either of the notes, or that either the account or order had been paid.

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by James Hogan against Joseph T. Burns on promissory notes. From a judgment for plaintiff, defendant appeals. Affirmed.

Charles F. Hanlon for appellant; John H. Dickinson (Henry E. Monroe of counsel) for respondent.

VANCLIEF, C.—Action on twelve promissory notes—two for $80 each, eight for $75 each, and two for $60 each. The answer of defendant admits the making of the notes, but alleges that each note "was without good or valid or legal con-

sideration; that the only consideration therefor was an account for the sale and delivery by plaintiff to defendant by retail, or by the drink, of spirituous and malt liquors, wine, and cider; and that the amount of said account exceeded the sum of five dollars; but did not exceed the sum of twenty-five dollars; and that such an account constituted the only consideration for each of said notes." Further answering, the defendant denies that the first four of said notes had not been paid, but alleges that they have been "satisfied and discharged." The court found as follows: "All the allegations of the complaint are true. Each of the promissory notes set forth in said complaint was made to plaintiff by the defendant upon valuable consideration therefor. No part of the consideration for either of said promissory notes was the sale or delivery by plaintiff to the defendant of any liquor, spirituous or malt, or of any wine or cider, and neither one of said promissory notes has been paid, satisfied, or discharged in whole or in part"; and thereupon rendered judgment for the full amount of principal and interest of all the notes. The defendant has appealed from the judgment and from an order denying his motion for a new trial.

1. The appellant contends that the findings of fact are not justified by the evidence. There is no merit in this point. The plaintiff and defendant were the principal witnesses, and their testimony was directly in conflict upon all material issues; and no reason appears why the court should have believed the defendant rather that the plaintiff.

2. Appellant claims that the court erred in rejecting the following papers offered as evidence for the defendant:

"San Francisco, May 1, 1887.
"Joseph T. Burns to James Hogan, Dr.
"For board, lodging, goods furnished, services rendered, and in full of all claims to date, $200.
"The above is correct.
"JAMES HOGAN.

"I have personally examined all items in the above bill, and find them correct.
"J. T. BURNS."

"Charles F. Hanlon, Esq.
"Dear sir: Please pay out of any moneys coming to me out of the estate of J. H. Burns, deceased, after payment of

debts, expenses of administration, and claims against the estate, the above bill of two hundred dollars ($200) to James Hogan, and out of moneys coming to me which are not attached or claimed or interfered with by other parties.

"June 24, 1887.

"J. T. BURNS."

"Whereas, certain moneys will in the future, in all probability, become due and payable to Joseph T. Burns out of the income of certain real estate now belonging to the estate of James H. Burns, deceased, and whereas, it is now difficult to state exactly at what time or when such moneys will be due or paid: Now, therefore, I certify that the foregoing bill of two hundred dollars ($200.00) having been agreed upon as being correct by both James Hogan and J. T. Burns, that I will accept the foregoing order of J. T. Burns to pay such moneys out of said moneys coming to him in the regular way, after paying the expenses of the administration, commissions advanced or paid, and other claims against the estate, and other moneys required by law and the order of the court. The acceptance of said order is understood not to be holden against the undersigned personally in any way, shape, or manner, the order being accepted payable out of the moneys coming to J. T. Burns in said J. H. Burns' estate, and not claimed or affected by attachments or other claims.

"Dated San Francisco, June 24, 1887.

"CHARLES F. HANLON,

"Attorney for Executor."

The date of the stated account (May 1, 1887) is between the date of the fourth note and that of the fifth, and counsel for appellant contends that the rejected papers tend to prove an accord and satisfaction of the first four notes, which amounted to $270, besides interest. While I think an accord and satisfaction was not pleaded by defendant (Sweet v. Burdett, 40 Cal. 97; Coles v. Soulsby, 21 Cal. 47), yet, conceding that they were, there is nothing on the face of the rejected papers tending to prove that they were intended or accepted as satisfaction of any one of the notes; and there was no offer to prove by other evidence any such agreement or understanding, nor any offer to prove that either the stated account or the order on Hanlon had been paid (Holton v. Noble, 83 Cal. 7, 23 Pac. 58); nor is it pretended that any such payment

was ever made. Indeed, Mr. Hanlon testified that "there was no money coming to Burns. He is executor of his brother's estate." So that the condition upon which Hanlon accepted the order might never happen, and, if it should, it is not apparent that Hanlon was authorized to pay the money from the estate of James H. Burns, to which he appears to have borne no other relation than that of counsel for the executor. As the papers offered had no apparent tendency to prove either accord and satisfaction or payment, they were properly rejected. I think the judgment and order should be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.