(5 Misc. Rep. 410.)

### JACOBS v. DAY et al.

(Common Pleas of New York City and County, General Term. November 6, 1893.)

1. SALE BY SAMPLE—EVIDENCE.

On an issue as to whether a sale of raisins by defendant to plaintiff was by sample it appeared that, when plaintiff called to examine the raisins, defendant showed her a sample taken from one box, and said that the balance was like it. Afterwards, she called again, and defendant's salesman opened one box for her to examine, but refused to open any more, on the ground that he did not have time. Thereupon plaintiff purchased the lot. *Held*, that the evidence was sufficient to sustain a finding that the sale was by sample.

2. ACCORD AND SATISFACTION—EVIDENCE.

Goods sold by sample were returned to the seller on the ground that they did not correspond with the sample. The seller refused to accept them, and told the buyer to remove them, which she did. The seller at the same time tendered to the buyer part of the purchase money which had been paid by her, and she accepted it. *Held* not sufficient to show an accord and satisfaction, since, on the seller's refusal to accept the goods, the buyer could not do otherwise than retain possession.

3. SAME—PLEADING.

Accord and satisfaction is an affirmative defense, and must be pleaded.

Appeal from second district court.

Action by Lester Jacobs against John Day and others to recover purchase money paid by plaintiff's assignor on the sale of mer-

chandise by sample, the sale having been rescinded by the buyer on the ground that the bulk delivered failed to correspond to the sample shown at the time of the sale. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Chas. W. Dayton, for appellants.

S. Feuchtwanger, for respondent.

BISCHOFF, J. The circumstance, merely, that at the time of the sale a sample was produced, is not sufficient to constitute the sale one "by sample." Hargous v. Stone, 5 N. Y. 73; Beirne v. Dord, Id. 95. To have that effect it must be fairly inferable from the evidence that the parties mutually understood, or at least that the seller intended the buyer to understand, that the bulk of the commodity sold should in kind and quality be equal to the sample shown. Beirne v. Dord, supra; Ames v. Jones, 77 N. Y. 614. That a portion of the bulk of the goods sold was examined by the buyer at the time of the sale is not conclusive that the sale was not "by sample." 10 Amer. & Eng. Enc. Law, p. 167; Gallagher v. Waring, 9 Wend. 20. Neither is a sale conclusively one "by sample" because, at the time of the sale, a sample was produced, and it was inconvenient or impracticable to examine the bulk of the goods sold. Beirne v. Dord, supra. These circumstances, however, should be duly considered in arriving at a conclusion that the sale was or was not one "by sample." Cases above cited. The question, therefore, is in every case one of the intention of the parties, to be determined from the evidence.

Plaintiff's assignor testified that she called at defendant's place of business to purchase raisins; that one of the defendants opened a box, from which he took a sample, which he showed her; that she inquired of him if the remainder of the raisins corresponded to the sample shown, and that he assured her that such was the fact; that a day or two thereafter she again called at defendant's place of business, and met one Luther, a salesman; that she asked Luther to show her the raisins; that the latter opened one box, which he exhibited to her, and refused to open any other, on the plea that he had no time; that she thereupon agreed to purchase the lot, which consisted of 103 boxes, and paid $20 on account of the purchase money. Plaintiff's assignor further testified that thereafter she paid $30 more; that 50 boxes of raisins were delivered to her; that she at once examined a dozen of the boxes delivered; that their contents were inferior to the sample shown and the one box opened at the time of the sale; that on the next day succeeding the delivery she tendered return of the 50 boxes to defendants, and refused to accept the remainder; that defendants refused to accept return of the raisins, but returned her $20 of the $50 which was paid by her on account of the purchase money. Henry M. Day, one of the defendants, and Luther, the salesman, testified to a different version of the facts alleged to have transpired at the time of the sale, but, as it was the province of the trial justice to determine the facts upon conflicting testimony, we

must, for the purposes of this appeal, assume the facts to be as plaintiff's assignor testified.

The production of a sample, the assurance of one of the defendants that the bulk of the raisins corresponded to it, the demand by plaintiff's assignor to be permitted to examine the bulk, and that such examination would have entailed the necessity of opening upwards of 100 boxes, are facts which, taken in connection with the further fact that defendants' salesman refused to accord plaintiff's assignor an opportunity to examine more than one box, reasonably lead to the inference that it was intended, at the time of the sale, that plaintiff's assignor should rely on the sample shown, and her testimony indicates that by force of circumstances she did so. Within the cases hereinbefore cited, the sale to her must therefore be deemed to have been one "by sample." Such a sale is upon an implied condition precedent that the bulk of the goods sold corresponds to the sample. The buyer is entitled, after delivery, to a reasonable time within which to examine the bulk before acceptance will be presumed, and upon breach of the condition he may rescind the sale, and offer to return the goods. Benj. Sales, § 895; Osborn v. Gantz, 60 N. Y. 540.

It was not necessary for plaintiff to show that the contents of every box delivered did not correspond to the sample. It was sufficient that a substantial quantity of the raisins delivered was deficient in that respect to justify the rejection by plaintiff's assignor of all, since she could not be compelled to accept part delivery in performance of the contract of sale on defendants' part. Benj. Sales, § 690.

It appears that, upon the tender of return of the 50 boxes delivered, defendants refused to receive them; that one of the defendants told plaintiff's assignor to remove them, which she did, and that defendants at the same time returned to her $20 of the $50 paid on account of the purchase money, which she accepted. These facts, it is contended for appellants, constitute an accord and satisfaction. To support such a plea, however, every element of a valid agreement to relinquish the remainder of the claim must be present. 5 Lawson, Rights, Rem. & Pr. p. 4228, § 2567; 1 Amer. & Eng. Enc. Law, p. 94; 2 Pars. Cont. p. 681, § 4; 1 Pars. Cont. p. 8, § 3; Kromer v. Heim, 75 N. Y. 574; Fuller v. Kemp, (Com. Pl. N. Y.) 16 N. Y. Supp. 158; Id., 138 N. Y. 231, 235, 33 N. E. Rep. 1034. The evidence in the present case is palpably insufficient to establish the aggregatio mentium, since, upon defendants' refusal to accept return of the raisins delivered, plaintiff's assignor had no alternative but to keep them in her possession, and that fact alone, therefore, is inconclusive of her voluntary acceptance of the goods, which appellants urge as part consideration for the alleged agreement of accord and satisfaction. The defense, in any event, is an affirmative one, and should have been pleaded. It is too late to urge it for the first time on appeal. Exceptions to rulings respecting the admission or exclusion of evidence are not urged as presenting grounds for reversal. The judgment should therefore be affirmed, with costs.