## HOUSTON BROS. v. WAGNER.

No. 686.   Opinion Filed March 21, 1911.

(114 Pac. 1106.)

1.   **ACCORD AND SATISFACTION—What Constitutes—Partial Execution.** An accord must be completely executed to sustain a plea of accord and satisfaction. A part execution and tender of performance of the residue is insufficient.

2.   **SAME—Evidence.** Where, in an action on certain promissory notes, defendant pleaded accord and satisfaction. in effect. that pending the action it was agreed between defendant and plaintiff's agent that plaintiff would accept of defendant in full satisfaction of said notes certain lots, whereupon defendant placed· him in possession and later tendered a deed therefor, which was refused, and the evidence supported the plea, held, that a judgment for defendant was contrary ·to law.

(Syllabus by the Court.)

*Error from District Court, Garvin County; R. McMillan, Judge.*

Action by Houston Bros. against T. D. Wagner. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*F. E. Rice, O. W. Patchell,* and *Marion Henderson,* for plaintiffs in error.

*J. B. Thompson,* for defendant in error.

TURNER, C. J. On January 11, 1907, A. C. Houston and S. J. Houston, partners as Houston Bros., plaintiffs in error, sued T. D. Wagner, defendant in error, in the United States Court for the Indian Territory, Southern District, at Pauls Valley, on three certain promissory notes aggregating $913.09. For answer defendant filed a general denial, and also alleged that as to one of said notes his signature thereto was obtained by fraud. Later by amended answer he admitted execution of all the notes, but alleged that his signature to said note was the result of a mistake (setting forth the facts relied on). Further answering, he pleaded "payment" of all of said· notes, and alleged the facts to be that since

their execution (and pending this suit) plaintiffs sent to him their agent who, with full authority so to do, went with defendant to the town of Bradley and picked out four certain lots which defendant offered and said agent agreed to accept, in full payment of said indebtedness; that said agent entered into possession of said lots, but that defendant did not at once make a deed thereto, for the reason that the secretary of the town-site company whose duty it was to execute the deeds was at that time absent from the state, for which reason it was further agreed between defendant and said agent that the same should be executed and delivered to said agent in Lindsay immediately on the secretary's return; that the same was executed and tendered as agreed, but which said agent refused and failed to accept, and the deed was brought into court and tendered to plaintiff. After reply filed, in effect, a general denial and that said agent had no power to accept other than the cash in the settlement of said indebtedness, there was trial to a jury and verdict and judgment for defendant on his plea of "payment," and plaintiff brings the case here.

Assuming the facts set forth in defendant's plea to be supported by the evidence, plaintiff's assignment that the verdict is contrary to law must be sustained. Although the plea is denominated one of "payment," the attempt in legal contemplation was to plead an accord and satisfaction, which is defined to be:

"An agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all actions upon this account." (Bouvier's Law Dictionary.)

While both pleading and proof disclose a complete accord, in that the minds of the parties met on the proposition that the lots were to be accepted in full satisfaction of the plaintiff's cause of action, it is further shown thereby that, as the plaintiff "backed out," there was no execution of the accord, and hence there was no satisfaction. 1 Am. & Eng. Ency. of Law, 420, says:

"An accord in order to discharge a contract or cause of action must be executed, and this execution of the accord is the satis-

faction. Satisfaction consists in the actual performance by one party of the agreement of accord, and the acceptance by the other party of such performance in full satisfaction of the original cause of action or contract."

Acceptance of the execution of the accord is the *sine qua non* of a plea of accord and satisfaction. In *Hearn v. Kiehl*, 38 Pa. 147, 80 Am. Dec. 472, the court said:

"Accord and satisfaction is a good plea by a debtor to the action of his creditor, but the legal notion of accord is a new agreement on a new consideration to discharge the debtor. And it is not enough that there be a clear agreement or accord and a sufficient consideration, but the accord must be executed. The plea must allege that the matter was accepted in satisfaction. Mere readiness to perform the accord, or a tender of performance, or even a part performance and readiness to perform the rest, will not· do. Such is the law between debtor and creditor."

*Young v. Jones*, 64 Me. 563, 18 Am. Rep 279, was *assumpsit* on an accepted draft. After plaintiff had made out his case, defendant offered to prove an agreement under seal with plaintiff after the maturity of the draft to accept a certain per cent. less than the amount of the draft in payment thereof, that the percentage agreed upon was tendered within the time limit, and that plaintiff refused to accept the same, and brought the instant suit. The question before the court was whether these facts, if proved, would constitute a defense. After holding that the facts did not show payment, the court said:

"Neither do the facts offered to be proved show accord and satisfaction. The agreement relied upon was executory. In *Hawley v. Foote*, 19 Wend. [N. Y.] 517, it was held not. a good plea of accord and satisfaction that the plaintiff agreed to accept the note of a third person in discharge of the demand in suit, which, on being tendered him, he refused to accept. 'There has been no satisfaction' observes Johnson, J. 'The accord has not been executed, and the action is not barred.' *Russell v. Lytle*, 6 Wend. [N. Y.] 390 [22 Am. Dec. 537]; Com. Dig. B. 4. *. * * The plea of accord to be good must show an accord not executory at some future time, but one executed. *Cushing v. Wyman*, 44 Me. 121.

A mere readiness to perform the accord, or tender of performance, will not suffice, and a plea of accord. tendered has been held bad on demurrer. A plea of accord and satisfaction must allege, not only a clear agreement or accord, but that it was executed by the acceptance of the matter agreed upon in satisfaction. *Hearn v. Kiehl*, 38 Pa. 147 [80 Am. Dec. 472]. The facts do not show a consummated payment. *Mansur v. Keaton*, 46 Me. 346."

In *Johnson's Administrator v. Hunt*, 81 Ky. 321, the appellee, Hunt, on January 1, 1877, borrowed of his grandfather, Johnson, $5,000, and executed his note payable in three years with interest. The grandfather died, and his personal representatives sued Hunt on the note. For defense Hunt pleaded, among other things, that the grandfather had agreed that, if Hunt would assist him in procuring a wife, as compensation therefor, he would release and give up the note; that he did all in his power to accomplish the purpose, and had complied with his contract, and asked that the note be delivered up, etc. After demurrer sustained thereto, in his amended answer he recited the consideration to be that, if appellee would write letters to the young lady for the grandfather and see that they were delivered, he would give appellee the note, and that he had fully complied with the contract. After demurrer to the amended answer was filed and overruled there was trial to a jury and judgment for defendant. In reversing the case the court said:

"The answer is but a plea of accord and satisfaction, and, to make such a plea good, it should be alleged that the services performed were accepted in satisfaction of the debt or claim against the defendant, and to allege that the party agreed to accept them in satisfaction is bad pleading. When the accord is to do a thing in satisfaction at a future day, and the act is done and accepted on that day, it is in law a satisfaction, and no action can be maintained on the original demand. The plea must allege that the matter was accepted in satisfaction. *Hearn v. Kiehl*, 38 Pa. 147 [80 Am. Dec. 472]; Chitty on Contracts, § 1123. If the intestate agreed to accept the services of appellee in discharge of the note, and failed to comply with his agreement, if the contract is otherwise unobjectionable, the remedy is by an action for the breach of the contract. * * * The court below should have sustained

the demurrer to the answer, as amended, and, failing to do that, should have instructed the jury to find for the plaintiff.　Smith on Contracts, p. 221; *Cole v. Gibson*, 1 Vesey; *Denny v. Hook*, 1 Vernon; Fonblanque's Equity, 212."

See, also, 1 Am. & Eng. Ency. of Law, p. 421, note, 2, and cases cited.

To sustain the plea, a part execution by placing plaintiff in possession of the land, as here, and a tender of performance of the residue of the accord, is insufficient. 1 Am. & Eng. Ency. of Law, p. 423, note 1. In *Kromer v. Heim*, 75 N. Y. 574, 31 Am. Rep. 491, plaintiff recovered judgment for a sum certain, pending a stay of execution on which plaintiff agreed in writing to accept $1,000 and merchandise sufficient to reduce the judgment to $1,000, and for the balance to accept an assignment of certain patent interests.　Defendant paid the cash, delivered the merchandise, and tendered an assignment of said interests, which plaintiff refused to accept, and issued execution to collect the balance of the judgment.　On motion to set aside the execution, it was held that the case was one of accord partly executed; that plaintiff was under no legal obligation to accept the assignment, but could enforce the judgment for the unpaid balance.

*Russell v. Lytle*, 6 Wend. (N. Y.) 390, 22 Am. Dec. 537, was debt on a bond for the payment of money.　Defendants pleaded that at the time of its execution they mortgaged certain lands to secure its payment; that before it became due it was agreed between the parties that defendants could surrender the mortgaged premises, and plaintiff would receive the same in full satisfaction and discharge and deliver up the bond; that the land exceeded in value the money secured by the bond, and that ever since said defendants had been ready and willing to perform the same and had tendered performance.　On demurrer to the plea. the court said:

"If the agreement stated in the plea is a defense to this action, it must be as an accord and satisfaction.　To make an accord good, it must be in full satisfaction.　Com. Dig. tit. 'Accord,' B. Where an accord is relied on, it must be executed. 3 Bl. Com.

15. Readiness to perform is not sufficient. Com. Dig. tit. 'Accord,' B 4; Roll Abt. 129, b. 17. * * * In the case before us the concord is wholly unexecuted and there is nothing to be found in the books to sustain the counsel's position that a readiness to perform on the part of the defendants is to be taken for a performance, and considered as the satisfaction required by law. The last case referred to, as well as the authority of Chief Baron Comyn and Lord Chief Justice Rolle, are directly opposed to that position. This point is so clearly against the defendants that it is unnecessary to consider the question raised, whether the contract is not within the statute of frauds"

—and gave judgment for plaintiff. See, also, *Tilton v. Alcott,* 16 *Barb.* (N. Y.) 598.

The case is reversed and remanded.

All the Justices concur.