## CONTINENTAL GIN CO. *et al.* v. ARNOLD.

No. 5142.   Opinion Filed November 23, 1915.

(153 Pac. 160.)

1. **PAYMENT—What Constitutes.** The term "payment" in its legal import, means the satisfaction of a debt by money or the representative of money, and not by novation, compromise, or accord and satisfaction.

2. **ACCORD AND SATISFACTION—What Constitutes.** An "accord and satisfaction" is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is, or considers himself, entitled to.

3. **SAME—Pleading—Necessity—Defense.** Accord and satisfaction and other transactions closely allied thereto, such as a compromise agreement, executory accord, and novation, in order to be available as a defense must be specifically pleaded.

4. **PLEADING—Defenses—Subsequent Transactions.** The general rule of pleading is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded.

5. **COMPROMISE AND SETTLEMENT—Pleading—Variance.** An action was instituted upon unpaid notes. The defendant's answer was a plea of payment. The notes were secured by a mortgage

upon certain cotton gin machinery which burned, and approximately $2,400 was collected on the insurance policy. At the trial defendant was permitted to prove that, there being about $2,800 due on the notes, the plaintiff had agreed to accept $2,000 as full payment and sell him another gin outfit and credit the bill for the new gin machinery with the balance of the policy, to-wit, $400, and that the insurance money was accordingly turned over to the plaintiff, who thereafter refused to sell him a new gin outfit but retained the $400. **Held**, error. This evidence did not tend to prove payment.

(Syllabus by Mathews, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by the Continental Gin Company, a corporation, and R. M. Collett, trustee in deed of trust, against Ira L. Arnold and wife. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*Chas. H. Garnett,* for plaintiffs in error.

*Sigler & Howard,* for defendants in error.

Opinion by MATHEWS, C. The parties will be designated here as in the trial court. This action was instituted for the recovery of an alleged balance due upon notes. It appears that on July 25, 1905, defendant Ira L. Arnold signed six notes in the sum of $400 each, made payable to plaintiff Continental Gin Company for purchase of cotton gin machinery, and to secure the payment of the same he mortgaged to plaintiff certain real property upon which the said cotton gin containing said machinery was located, and certain other real property was mortgaged for the same purpose; said last-named mortgage being signed by the said Arnold and his wife, Cora L. Arnold. On March 18, 1912, plaintiff instituted suit on said notes, alleging that there was a balance due of $878.73 thereon. Defendants answered by general denial as follows:

"Defendant says that he executed the notes and mortgages therein set out, but that said notes have long since been paid and should have been satisfied and returned to the defendant."

To this answer, plaintiff filed a general denial. At the trial, defendant testified that the gin outfit had burned down and the sum of $2,472.25 was collected upon the insurance, which was turned over to the plaintiff. That this money was first placed in a bank pending settlement between plaintiff and defendant. Then defendant was permitted to introduce the following testimony, over the objection of plaintiff: That he (the defendant) went to the office of plaintiff at Dallas, Tex., after the gin had burned, and saw the manager and told him that there was a settlement between them for the reason that the machinery delivered to him was not the kind of machinery he contracted for, and that there were other defects in the press and line shafts, and that they then came to an agreement that plaintiff would release the notes and accept $2,000 in full payment, and that defendant was to purchase another gin outfit from plaintiff, and the balance of the sum collected on the insurance policy, to wit, $472.25, was to be credited on the bill for new machinery. That he then returned home and directed the bank to turn the insurance money over to the plaintiff, and that it afterwards refused to sell him another gin outfit.

In line with the above testimony, the court gave the following instruction, over the objection of plaintiff:

"If you believe from a preponderance of the evidence that a settlement of the notes and claim of plaintiff was had between plaintiff and the defendant, or Mr. Collett, an agent or district manager of the defendant [plaintiff], that is, if you find and believe that the adjustment of the insurance policy which belonged to the defendant and

which was paid to and transferred to the plaintiff and accepted by the plaintiff, or its agents aforesaid, as a full and complete settlement of whatever was due the plaintiff by the defendants, which, being taken in connection with prior payment in money, if any, by the defendants to the plaintiff, and that such settlement was had as a complete satisfaction of the debt due by defendants and the same was so understood by the defendant, Ira Arnold, and Mr. Collett, the agent or district manager, then in such case, your verdict should be for the defendant."

The plaintiff contends that the admission of the above testimony and the giving of the aforesaid instruction was error for the reason that the defendant in his answer pleaded payment only, and that the above testimony does not prove payment, but tends to prove accord and satisfaction. Defendant admits that if the above testimony shows accord and satisfaction and not payment, then his answer would be insufficient to warrant the introduction of such evidence, but he insists that his testimony proves payment as alleged. Defendant in his brief sets out his contention thus:

"The testimony showed: That Arnold had purchased a gin from the Continental Gin Company. That he had given his notes and mortgages to secure the payment. When the gin was shipped to Arnold, it was not the kind of one ordered by him. The machinery was different and not of the value that it should have been. Arnold called the attention of plaintiff to this fact, and he agreed that Arnold should be credited with the difference between the cost of the machinery ordered and that delivered to him. Arnold made some payment on these notes, and finally when the gin was burned down and the policy had been paid into the bank at Ardmore, he made a trip to Dallas to see the Continental Gin Company, not for the purpose of paying less than he owed them, but for the purpose of seeing that he secured all the credits to which he was entitled. When

he arrived in Dallas, he talked this matter over with the plaintiff in error, and they agreed upon the amount due him. They found that, giving Arnold credit for all he was entitled to, he owed Continental Gin Company exactly $2,000. Arnold says: 'It paid the old debt in full. The way we had gone over the bill of machinery, the difference in the price of the machinery I received and the price of the stuff I bought, this $2,000 would have paid the entire debt.' This does not constitute accord and satisfaction, but it constitutes payment."

Plaintiff states its contention as follows:

"The evidence referred to, therefore, did not show payment, but showed a new and substantive agreement between the parties by which there was to be a settlement, satisfaction, and discharge of the notes and mortgages. The defendant was to turn over his interest in the insurance money and to purchase a new gin outfit. The plaintiff for this consideration was to cancel and surrender the old notes and mortgages and give the defendant a credit of $472.25 on the new gin outfit. This agreement, if it had been fully executed, would have been an accord and satisfaction, but it was not payment."

Defendant's answer of general denial raised no issue in the case; but his imperfect and indefinite plea of payment, the same not having been challenged by motion or otherwise, will be held sufficient if his evidence tended to prove what in law constitutes payment.

It is correctly conceded by defendant that, if the facts upon which defendant relies for a defense constitute accord and satisfaction, then defendant's answer is defective and insufficient to admit the evidence complained of by plaintiff. But, if the evidence tends to prove payment, then there was no error in admitting the same and in the giving of the aforesaid instruction.

After an investigation of the authorities on the subject, we have arrived at the conclusion that the evidence complained of does not constitute either payment or accord and satisfaction, and that the facts set out in this evidence do not come within the accepted definition of either.

"Payment" implies the delivery of value and that it is the value called for by the engagement to be discharged. Abbot Law. Dic.

"The term 'payment,' in its legal import, means the satisfaction of a debt by money, not by exchange or compromise, or an accord and satisfaction." (*City Sav. Bank v. Stevens,* 15 N. Y. Supp. 139.)

"Bouvier defines 'payment' as 'the discharge in money of a sum due,' and we understand it to be elementary law that it can be made only in money, or that which the creditor accepts as money or in lieu of it." (*Scott v. Gilkey,* 49 Ill. App. 116.)

"The word 'payment' conveys the idea of a money transaction." (*Howe v. Mittelberg,* 96 Mo. App. 490, 70 S. W. 396.)

"Payment" is generally understood as a discharge of the debt or obligation by a compliance with the terms of the obligation, and, if the obligation calls for a money discharge, then there cannot be payment except by paying the full amount called for in money, or the representative of money. Applying that test to the case at bar, it will not come within the definition. because the notes called for approximately $2,800, and $800 of the same, according to defendant's contention, was to be liquidated, not by payment in money, but by allowing a deduction of that amount from the sum called for in the notes as the difference in the value of the machinery purchased and that delivered.

We need not look beyond the well-considered and leading case of *Houston Bros. v. Wagner*, 28· Okla. 367, 114 Pac. 1106, by our court, to find a complete and acceptable definition and discussion of "accord and satisfaction." The cited case was an action upon a note. The defendant answered that the note was paid through an agreement to ·deed the plaintiff four certain town lots in full payment of the indebtedness sued on, and that plaintiff's agent had entered into possession of the lots, but deeds ·to the same had not been made for reasons therein given. It should· be noted that the court there criticized the use of the word "payment" in connection with the facts presented, and inferentially stated that the facts presented did not constitute payment, and we cannot do better than quote at length from that case:

"Although the plea is denominated one of 'payment,' the attempt in legal contemplation was to plead an 'accord and satisfaction,' which is defined to be: 'An agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all áctions upon this account.' Bouvier's Law Dictionary.

"While both pleading and proof disclose a complete · accord, in that the minds of the parties met on the proposition that the lots were to be accepted in full satisfaction of the plaintiff's cause of action, it is further shown thereby that, as the plaintiff 'backed out,' there was no execution of the accord, and hence there was no satisfaction. 1 Am. & Eng. Ency. of Law, 420, says: 'An accord in order to discharge a contract or cause of action must be executed, and this execution of the accord is the satisfaction. Satisfaction consists in the actual performance by one party of the agreement of accord, and the

acceptance by the other party of such performance in full satisfaction of the original cause of action or contract.'

"Acceptance of the execution of the accord is the *sine qua non* of a plea of accord and satisfaction. In *Hearn v. Kiehl*, 38 Pa. 147, 80 Am. Dec. 472, the court said: 'Accord and satisfaction is a good plea by a debtor to the action of his creditor, but the legal notion of accord is a new agreement on a new consideration to discharge the debtor. And it is not enough that there be a clear agreement or accord and a sufficient consideration, but the accord must be executed. The plea must allege that the matter was accepted in satisfaction. Mere readiness to perform the accord, or a tender of performance, or even a part performance and readiness to perform the rest, will not do. Such is the law between debtor and creditor.'

"*Young v. Jones*, 64 Me. 563, 18 Am. Rep. 279, was assumpsit on an accepted draft. After plaintiff had made out his case, defendant offered to prove 'an agreement under seal with plaintiff after the maturity of the draft to accept a certain per cent. less than the amount of the draft in payment thereof, that the percentage agreed upon was tendered within the time limit, and that plaintiff refused to accept the same, and brought the instant suit. The question before the court was whether these facts, if proved, would constitute a defense. After holding that the facts did not show payment, the court said: 'Neither do the facts offered to be proved show accord and satisfaction. The agreement relied upon was executory. In *Hawley v. Foote*, 19 Wend. (N. Y.) 517, it was held not a good plea of accord and satisfaction that the plaintiff agreed to accept the note of a third person in discharge of the demand in suit, which, on being tendered him, he refused to accept. "There has been no satisfaction," observes Johnson, J., "the accord has not been executed, and the action is not barred." *Russell v. Lytle*, 6 Wend. (N. Y.) 390 (22 Am. Dec. 357) ; Com. Dig. b. 4 * * * The plea of accord to be good must show an accord not executory at some future time, but one executed. *Cushing*

*v. Wyman,* 44 Me. 121.   A mere readiness to perform the accord, or tender of performance, will not suffice, and a plea of accord tendered has been held bad on demurrer. A plea of accord and satisfaction must allege, not only a clear agreement or accord, but that it was executed by the acceptance of the matter agreed upon in satisfaction. *Hearn v. Kiehl,* 38 Pa. 147, 80 Am. Dec. 472. The facts do not show a consummated payment. *Mansur v. Keaton,* 46 Me. 346.' "

We take the following excerpt from the note in *Harrison v. Henderson,* 100 Am. St. Rep. 392:

"In the recent case of *Perin v. Cathcart,* 115 Iowa, 557, 89 N. W. 12, the court said: 'An accord and satisfaction is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is, or considers himself entitled to.' In *Pulliam v. Taylor,* 50 Miss. 257, the court said: 'Accord and satisfaction is the substitution of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement.' "

The note in the case of *Harrison v. Henderson, supra,* is instructive and covers thoroughly every phase of the question.

It is uniformly held by all of the authorities that it is an essential requisite to an accord and satisfaction that the accord agreed upon by the parties be satisfied by an execution of the accord, and the case at bar falls short of the requirements of accord and satisfaction, in that the agreement was never performed, as it was claimed that the plaintiff, after getting possession of the insurance money, refused to proceed further and sell the defendant another gin and give him a credit thereon of the $472.25,

19—52

but had repudiated the agreement and was then claiming the balance due on the main contract.

The transaction as detailed by defendant might be termed an executory agreement or executory accord (*Schweider v. Lang*, 29 Minn. 254) 13 N. W. 33, 43 Am. Rep. 202, or possibly a novation (1 R. C. L. 178). However, it is immaterial what the legal definition may be, as it is plainly apparent that, as far as pleading it is concerned, it is closely allied with and analogous to accord and satisfaction, and the same rule would apply in this instance that applies in pleading accord and satisfaction, which must invariably be specifically pleaded.

In *Coles v. Soulsby*, 21 Cal. 47, where the defense of accord and satisfaction had been put in evidence, but had not been pleaded, the court says:

"New matter must be specifically pleaded; and whatever admits that a cause of action, as stated in the complaint, once existed, but at the same time avoids it— that is, shows that it has ceased to exist—is new matter. It is that matter which the defendant must affirmatively establish. * * * Defenses of this character must be distinctly set up in the answer, or evidence to establish them will be inadmissible. This view disposes of the appeal and necessitates a reversal of the judgment." *Sweet v. Burdett*, 40 Cal. 97.; *Berdell v. Bissell*, 6 Colo. 162; *Parker v. City of Lowell*, 11 Gray (Mass.) 353; *Hogan v. Burns*, 4 Cal. Unrep. Cas. 62, 33 Pac. 631; *Combs v. Smith*, 78 Mo. 32.

In *Jacobs v. Day*, 5 Misc. Rep. 410, 25 N. Y. Supp. 763, the rule is stated as follows:

"Accord and satisfaction is an affirmative defense, and should be pleaded." *First Nat'l. Bnk. of Tishomingo v. Latham*, 37 Okla. 286, 132 Pac. 891; *Deming Inv. Co. v. McLaughlin*, 30 Okla. 20, 118 Pac. 380.

The rule in pleading such defenses as the one in the instant case is concisely stated in Bradbury's Rules of Pleadings, p. 1282, as follows:

"The general rule of pleading is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded. *Farmers Loan & Trust Co. v. Siefke*, 144 N. Y. 354 [39 N. E. 358]."

And on page 1291 of the same work, we find:

"Under a general denial a defendant is entitled to offer evidence of any facts which will tend to controvert what the plaintiff is bound in the first instance to prove in order to establish his cause of action. *Bettenhasser v. Templars of Liberty*, 58 App. Div. 61, 68 Supp. 505; *Adams v. Lawson*, 188 N. Y. 460 [81 N. E. 315]; *Milbank v. Jones*, 141 N. Y. 340 [36 N. E. 388]."

An application of these two rules makes it evident that the defendant, in order to avail himself of his defense as disclosed by the evidence produced at the trial, must specifically allege the facts relied upon, as his defense is predicated upon the transaction that arose long after the notes were executed and is affirmative matter which has no relation to the proof which necessarily must be produced by plaintiff in order to establish its cause of action. The reason for such a rule cannot be laid upon technical grounds, but the justice and fairness in such a requirement is forcibly illustrated by the very case under consideration. The defendant had pleaded payment in his answer, and presumably plaintiff had prepared its case along that line and stood ready with the proper rebuttal to meet this contention. The trial was had at Ardmore, while plaintiff's office was in Dallas, Tex. When confronted at the trial with a line of testimony tending to prove something entirely different from payment, it is

quite probable the plaintiff was caught wholly unprepared to meet such an unexpected condition. In fact, this is quite evident from the fact that the party with whom defendant claimed he had made the agreement to accept $2,000 in payment of the notes was not present at the trial, and hence plaintiff had no rebuttal to offer to such evidence. The main reason pleadings are required is to specifically notify the adverse party of the pleader's demand and contention, so that the party may be informed with reasonable certainty of what facts he will have to meet at the trial, and will thus have an opportunity to prepare his defense.

Taking this view of the case, we deem it unnecessary to discuss the other questions raised, as it is not probable they will arise on a new trial.

The judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.