## GUNN v. FRYBERGER.

No. 8640—Opinion Filed Nov. 19, 1918.

(176 Pac. 248.)

(Syllabus.)

**1. Contracts — Consideration — Allegation.**

There must be a consideration for every contract, and where a party declares on a contract which does not import a consideration, the consideration must be alleged.

**2. Same.**

A petition which alleges a promise made by defendant to pay plaintiff expenses incurred as the result of injuries received while in the employ of defendant, but fails to allege a consideration for such promise, such as that the agreement was made and accepted in compromise of a claim for damages, or in consideration of the forbearance of suit for damages, does not state a cause of action.

**3. Accord and Satisfaction — Compromise and Settlement—Pleading—Sufficiency.**

To state a cause of action based on accord and satisfaction, or a compromise agreement, the petition must allege (1) liability of the defendant, (2) agreement of the amount to be paid; and (3) acceptance of this agreement in settlement of the original claim or dispute.

Error from District Court, Canadian County; Edward Dewes Oldfield, Judge.

Action by Etta Bell Gunn against W. E. Fryberger. General demurrer to petition sustained, and plaintiff brings error. Affirmed.

E. F. Maley and Geo. T. Liddell, for plaintiff in error.

Fogg & Bennett, for defendant in error.

OWEN, J. This is an action on contract, brought by plaintiff in the district court of Canadian county. The petition alleged, in substance, that plaintiff, while in the employ of the defendant, sustained injuries as a result of the negligence of another employe; that on account of the injuries she expended money and incurred expenses to the amount of $589.50 for medical attention, medicine, railroad fare, and hotel bills while attending her physician; that the defendant promised and agreed to pay the plaintiff the amounts so expended, but failed and refused to do so. A general demurrer was sustained to this petition. The question necessary to be determined is whether the petition states facts sufficient to constitute a cause of action.

From the oral argument and briefs filed on behalf of plaintiff in error we assume her theory to be that forebearance on her part in bringing a suit to recover damages for the injuries is sufficient consideration to support the promise on the part of the defendant to pay her the alleged expenses. But the petition fails to allege that she agreed to forbear or did forbear her right to sue for damages in consideration of the defendant's promise to pay her expenses, and there is no allegation that the defendant agreed to pay her expenses in consideration of her waiving her right to sue for damages. Counsel quote sections 926 and 927, Rev. Laws 1910, under which any benefit conferred or agreed to be conferred upon the promisor or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, is good consideration for a promise, and that an existing legal obligation resting upon the promisor is also a good consideration for a promise. These sections have no application to the allegations in this petition. It is fundamental there must be a consideration for every contract. Where a party declares on a contract which does not import a consideration, the consideration must be alleged and proven. Elliott on Contracts, vol. 1, § 247; 9 Cyc. 717. Counsel cite authorities to the effect that the courts, on a general demurrer, will not inquire into the sufficiency of the consideration. That is not the question here. There is no question as to the sufficiency of the consideration. This is an action on a contract, which does not import a consideration. No consideration whatever was alleged, and without such allegation the petition does not state facts sufficient to constitute a cause of action.

Counsel also urge that defendant's promise to pay the expenses incurred amounts to a compromise of her cause of action for damages, and this compromise is a sufficient consideration. If plaintiff agreed to waive her claim for damages in consideration of defendant paying her expenses, and the defendant agreed in consideration thereof to pay such expenses, that would be a sufficient consideration, and constitute a binding contract. Forbearance to sue on a cause of action is a sufficient consideration to support a contract, but there is no such allegation in the petition.

Neither is the petition sufficient to plead an accord and satisfaction. To constitute a valid accord and satisfaction, there must be two debts contracted, one of which must precede the other in point of time, and be extinguished by the substitution of the latter in performance or acceptance. Where the

parties agree to accept an executory agreement in satisfaction, it is execution and delivery of the executory agreement, or the meeting of the minds of the parties upon its terms, that constitutes a satisfaction of the prior debt or demand. In such cases a new obligation if created, to be performed according to its terms. A settlement and compromise of an unliquidated or disputed claim is sufficient to support the mutual promises of the parties to the new agreement. To state a cause of action based on such compromise, the petition must allege (1) liability of the defendant; (2) agreement of the amount to be paid; and (3) the acceptance of this agreement in settlement of the original dispute. An allegation that the promise to pay the expenses was accepted in satisfaction of the original claim for damages is lacking in the petition before us, and for this reason the petition is defective. 6 R. C. L. 659; Houston Bros. v. Wagner, 28 Okla. 367; 114 Pac. 1106; Johnson et al v. Hunt, 81 Ky. 321; Continental Gin Co. v. Arnold, 52 Okla. 569, 153 Pac. 160. In the last-mentioned case it was said:

"Accord and satisfaction, and other transactions closely allied thereto, such as a compromise agreement, executory accord, and novation, in order to be available as a defense, must be specifically pleaded."

There is no allegation to the effect that plaintiff did, or intended to, accept the promise to pay the expenses in settlement of her claim. It is a settled rule that, if the compromise agreement is accepted in satisfaction of the original demand, and the agreement to accept is based on sufficient consideration, the original demand is extinguished, and cannot be the foundation of an action, and it makes no difference whether the original was on tort or on contract; but the promise or agreement will not operate as a satisfaction of the original debtor demand, unless the claimant intended to accept it as such, and such intention must be alleged and proven. To have the effect of extinguishing the original claim, the new promise must be one legally binding, and an essential element of the new agreement—like any other contract—is a consideration. 1 C. J. 567, 568; Manley v. Vermont Ins. Co., 78 Vt. 337, 62 Atl. 1020, 6 Ann Cas. 562. In the case of Wilder v. Millard 93 Neb. 595, 141 N W. 156, it was said:

"The defense of accord and satisfaction is not sustained, without allegations and proof that there was a substantial difference between the parties as to the amount due, and that the accord and satisfaction was in settlement thereof."

In 1 C. J. 575, it was said:

"The plea must show some consideration moving toward the plaintiff, or, in other words, that the plaintiff obtained something of value by the new agreement, although the money value of the thing given need not be stated."

The plea must allege that what was done or given was in satisfaction of the cause of action, and also that what was done or given was accepted in satisfaction. If the agreement itself, and not the performance, is relied on as satisfaction, the plea must allege that the agreement was accepted in satisfaction. In Gowing v. Thomas, 67 N. H. 399, 40 Atl. 184, it was said:

"There must be an averment that at the time of the making of the new contract the plaintiff accepted the defendant's promise in satisfaction of his claim, or the new contract, when executed, as a satisfaction of it."

At page 314, 12 C. J., it was said:

"A compromise is an agreement with two or more persons who, to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. It is essential to a compromise that there be mutual concessions or yielding of opposing claims."

The judgment of the lower court is affirmed.

All the Justices concur, except TURNER and BRETT, JJ., not participating.