DANIEL W. WILDER ET AL., APPELLEES, V. R. J. MILLARD,
APPELLANT.

FILED APRIL 17, 1913.   No. 17,164.

1. **Accord and Satisfaction:** PLEADING AND PROOF. The defense of ac-
cord and satisfaction is not sustained, without allegations and
proof that there was a substantial difference between the parties
as to the amount due, and that the accord and satisfaction was in
settlement thereof.

2. **Money Received:** MISAPPLICATION OF FUNDS BY ATTORNEY. If money
is paid to an attorney at law upon a claim of a third party, and
the attorney so receives and receipts for the same, he cannot
withhold the money from the creditor upon whose claim it was
paid, upon the ground that he is also a creditor of the person
paying the money.

3. ———: ———: ESTOPPEL. If oral evidence is received, without ob-
jection, that the plaintiffs were acting as executors of the will of
a deceased person, and as such had possession of a note payable
to the decedent as a part of her estate, and placed the same in
the hands of the defendant, such evidence shows a *prima facie*
right in the plaintiffs to the proceeds of the note, and the de-
fendant cannot resist their right on the ground that their letters
testamentary are not properly sealed.

APPEAL from the district court for Cedar county: GUY
T. GRAVES, JUDGE.   *Affirmed.*

*Wilbur F. Bryant* and *H. E. Burkett,* for appellant.

*J. C. Robinson* and *George W. Wiltse, contra.*

SEDGWICK, J.

Samuel Wilder was engaged in the mercantile business
in the town of Hartington, and became financially em-
barrassed and assigned his property to trustees for the
benefit of his creditors.   He was indebted to Mrs. Erwin
upon his promissory note.   The trustees reduced the
assets to money and applied it *pro rata* upon the liabili-
ties of Mr. Wilder.   Mrs. Erwin was formerly a resident
of Kansas, and had died there, and the executors of her
will had placed her note in the hands of an attorney at

Hiawatha, Kansas. The trustees of Mr. Wilder requested this attorney to forward the note to a bank, or to this defendant, so that the trustees might inspect the same before making payment. Pursuant to that request, the note was forwarded to the defendant, and one of the trustees, after inspecting the note, paid to the defendant in two several payments the amount applicable upon the Erwin note. The defendant paid over to the attorney of the executors a part of the money, and retained $500 thereof. This action was brought in the district court for Cedar county to recover this $500. There was a verdict and judgment for plaintiffs, and defendant has appealed.

The defendant's answer in the case apparently fails to state any defense. He admits the receipt of the note as belonging to the executors, and also the receipt of the money thereon, and alleges that the amount which he paid to the attorney for the executors was received as a full settlement between them and himself. He does not allege any indebtedness to him of the executors or of the estate which they represented, or any facts from which such indebtedness, or claim of indebtedness, or any other indebtedness could be found. The answer fails to show any ground for any accord and satisfaction, or compromise. This objection to the answer does not seem to have been insisted upon, and the evidence of both parties was taken in full. This evidence entirely fails to make any defense to the plaintiff's action. It is not denied that the note was received by the defendant solely for the purpose of allowing the trustees to inspect the same. There is no evidence that the executors or the estate which they represented were indebted in any amount to this defendant. The defendant offered to prove that Wilder was indebted to him, but this evidence was properly excluded by the court. The defendant's receipts to the trustees recite that the money was paid by the trustees upon the Erwin claim, and the defendant, having so received it, could not of course apply it upon his own claim against the same debtor.

The objection that the letters testamentary of the plaintiffs which were offered in evidence do not show the impression of the seal of the court appointing them is without merit. The defendant is not in a good position to take advantage of any such irregularity, having received the note from them in their official capacity, and not having made any such objection until this suit was brought. The executors (so called in the letters testamentary and other papers) were husband and wife, and one of them testified that she had the note in question as executrix of the will of the deceased, to whom it was payable, and held the same as part of her estate. In that capacity she caused the note to be placed in the hands of defendant, and, for the purpose of this action, no other evidence of the right of these plaintiffs to represent the estate of the deceased was necessary. The district court should have instructed the jury to find a verdict in favor of the plaintiffs, and did substantially do so, if the instructions are rightly construed.

The judgment of the district court is

AFFIRMED.

REESE, C. J., BARNES and LETTON, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.