EMIL SCHREIER, PLAINTIFF, v. LUCINDA GRIFFIN, APPELLEE:
MAYLARD & BUTTERFIELD, APPELLANTS.

FILED JUNE 19, 1920. No. 21044.

1. **Accord and Satisfaction:** PLEADING AND PROOF. "The defense of
accord and satisfaction is not sustained, without allegations and
proof that there was a substantial difference between the parties
as to the amount due, and that the accord and satisfaction was in
settlement thereof." *Wilder v. Millard*, 93 Neb. 595.

2. **Dormant Judgment:** LIEN. When a judgment is dormant, the judg-
ment debtor's interest in real estate cannot be subjected to its pay-
ment.

APPEAL from the district court for Wheeler county:
BAYARD H. PAINE, JUDGE. *Affirmed.*

*T. J. Doyle, G. N. Anderson* and *J. M. Shreve,* for
appellants.

*A. L. Bishop* and *B. F. Johnson, contra.*

DEAN, J.

This action was begun February 21, 1916, against
Lucinda Griffin, widow of Patrick Griffin, her son John
C. Griffin and wife, Maylard & Butterfield, a firm of
money lenders, and another defendant against whom a
default was entered but against whom no judgment was
taken. Plaintiff prayed that a deed of conveyance that
was executed jointly with other heirs by John C. Griffin
and wife to his mother be canceled so far as it purported
to convey John's interest in a tract of land as an heir
of his father; the elder Griffin having died intestate
February 10, 1916, being then the owner of 640 acres
of farm land. The deed in question was executed by his
children, all being adults, and recorded April 15, 1916.
Plaintiff alleged that he was the owner of a judgment
for $246.58 against John C. Griffin and prayed that it
be decreed to be a lien against the judgment debtor's
alleged interest in the land. May 13, 1918, Schreier's

attorney dismissed his petition with prejudice, his claim having been paid from the proceeds of a loan, made by Maylard & Butterfield to Mrs. Griffin, that will presently be discussed. The action,, however, now remains solely as a contest between Mrs. Griffin and Maylard & Butterfield on their respective pleadings and proofs.

Lucinda Griffin in her answer and cross-petition prayed for an accounting and for a judgment for damages sustained by her for alleged fraud committed by Maylard & Butterfield in wrongfully and without her authority paying out about $500 from the proceeds of a $2,000 loan made by them to her and secured by a mortgage on the land. The alleged fraud consisted in the payment of the John C. Griffin judgment and in the payment of a judgment for $76.97 against another son, W. C. Griffin; neither of the judgments, as contended by Mrs. Griffin, constituting a lien on the land at the time. The court found generally in favor of Mrs. Griffin on her cross-petition and against Maylard & Butterfield against whom judgment was rendered for $569.90. From the judgment so obtained an appeal was taken.

Substantially these facts appear: In October, 1917, or about a year and a half after her husband's death, Mrs. Griffin contracted in writing with Maylard & Butterfield for a loan of $2,000 to be secured by a mortgage on the 640-acre farm. The loan contract provided for payment of a commission of 10 per cent., or $200, for obtaining a $2,000 loan. The deed to Mrs. Griffin from her children conveyed to her all of their respective interests in the land almost a year and a half before she made application for the loan. The proofs show that the judgment against John C. Griffin was dormant when the loan was obtained, and that the judgment against her son, W. C. Griffin, was not obtained until a little more than four months after the deed of conveyance was executed. Nevertheless there was deducted from Mrs. Griffin's

loan the following items: "To commission $200; to mortgage release J. P. Hess Co. $824; to G. E. Andrews $6.05; judgments and releases $481.44." On the basis of this statement $488.51 was sent to Mrs. Griffin in Idaho where she was then living alone.

There is no dispute respecting the Hess item of $824, that sum being in payment of a mortgage given by Mrs. Griffin and her husband several years before his death, nor as to the farm abstract item of $6.05. The "$200 commission" and the item of "judgments and releases" are in dispute. The proof shows and the court found that neither judgment was a lien against the land; that Mrs. Griffin did not consent that they be deducted from her loan; that they did deduct $481.44 therefor; that this item of $481.44, so wrongfully deducted, was due plaintiff with 7 per cent. interest; that, while a commission of $200 for a net loan of $1,800 was agreed on, only $1,318 was paid in her behalf, and the lenders were therefore entitled to only 13/18 of $200 or $144.44, leaving $55.56 due on this item, and that a total sum of $559.90 was due plaintiff from Maylard & Butterfield for wrongful deductions of the judgments and for an overcharge on commission and for interest.

Defendants argue that the acceptance by Mrs. Griffin of the proceeds of their $488.51 draft constituted an accord and satisfaction. We do not think the rule applies to the facts before us, nor is it sustained by the pleading. There are no allegations nor is there proof that when Mrs. Griffin received the draft there was a substantial controversy or difference between the parties, nor that the draft was in settlement of such difference nor of any controversy. *Wilder v. Millard,* 93 Neb. 595. Mrs. Griffin testified that when the draft came she knew that there was yet due her about $600 more on the loan, and that she expected that it would be sent to her. It appears that she was well advanced in years and unacquainted with business transactions, and when the draft came she was living in Idaho almost penniless

and alone and among strangers, with no person to whom to go for advice. It also appears that as soon as she discovered the true situation this action was begun.

It is contended by defendants that Mrs. Griffin promised to pay the judgments against her sons. This she denied, and said that when she was asked if she would do so replied that she would pay them only under compulsion. Defendants insist that the court erred in refusing to permit them to have a jury to pass on the disputed questions of fact. This ruling, at best, if error at all, is without prejudice, as appears from the evidence of one of the partners. With respect to the John C. Griffin judgment, he frankly testified, as of course he must, that if it was dormant it was not a lien. That it was dormant and that neither judgment was a lien is established without question.

It is pointed out that, even though the partnership may have been misled by certain of their employees, as it maintains it was, it is not thereby relieved from responsibility. On this point it was voluntarily stated in open court by a member of the firm that it did not seek to evade responsibility on that ground.

Reversible error does not appear. The judgment is therefore

AFFIRMED.

ALDRICH, J., not sitting.